OPINION OF THE COURT
William L. Ford, J.
This is a motion by the defendant to dismiss the complaint pursuant to CPLR 3211 upon the grounds that: (1) the summons and complaint are untimely served; (2) a prior order dated July 21, 1982 dismissing a prior complaint on the merits is binding and controlling; (3) the complaint fails to allege that proper and timely notice of claim was filed; (4) the complaint fails to allege compliance with a section of the Town Law requiring written notice of a defective culvert; (5) the claimed defect is “not under the jurisdiction of the defendant.”
The plaintiffs cross-moved pursuant to CPLR 2221 for leave to reargue the prior motion upon which the order dated July 21, 1982 was entered, if the court should find that the language “on the merits” requires a dismissal of the complaint as a matter of law.
*129 The matter was scheduled for oral argument at the Special Term for Schenectady County on November 18, 1982. At that time, counsel declined oral argument and counsel advised that the court should reschedule the matter “if necessary”. On December 3, 1982 counsel for both parties were contacted by telephone and they agreed that the matter was then fully submitted.
The primary issue on this motion is whether or not the complaint is barred by the dismissal of the plaintiffs’ prior complaint.
The plaintiffs’ complaint in the original action alleged property damage to their real property caused by the defendant’s negligent construction and/or design of drainage facilities in the vicinity of their home. They alleged that the drainage facilities caused water to flood their premises on February 11,1981 and sought money damages for this injury to their property. By a motion returnable before this court on July 1, 1982 the defendant moved to dismiss that complaint on the ground that it was precluded by the applicable Statute of Limitations. That motion was granted upon the consent of counsel for plaintiffs. The order entered thereon recited that the dismissal was “on the merits”.
The plaintiffs on July 26, 1982 commenced this action. The complaint herein alleges that prior to February of 1981 the defendant did negligently construct or design drainage facilities which caused quantities of water to drain upon the plaintiffs’ real property “causing actual and potential damage to said property”. It is also alleged that on February 11, 1981 the plaintiffs’ premises sustained severe water damage with the result that “the value of said premises has been depreciated”. The complaint sets forth two causes of action seeking in one injunctive relief and in the other money damages.
At the outset the court notes that the dismissal of the first complaint as being barred by a Statute of Limitations is “on the merits” for purposes of claim preclusion whether or not the language on the merits was specified. (Smith v Russell Sage Coll., 54 NY2d 185, 194; see, also, Spindell v Brooklyn Jewish Hosp., 35 AD2d 962, 963, affd 29 NY2d *130 888.) To the extent that the court in Matter of Cohen v Board of Educ. (84 AD2d 536, 537) seems to have limited or distinguished the Spindell case, it is noted that Cohen was decided just before the decisions were handed down in Smith v Russell Sage Coll. (supra) and O’Brien v City of Syracuse (54 NY2d 353). In O’Brien (pp 357-358) the court emphasized the extent of claim preclusion applicable to this matter as follows:
“This State has adopted the transactional analysis approach in deciding res judicata issues (Matter of Reilly v Reid, 45 NY2d 24). Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (id., at pp 29-30). Here, all of defendants’ conduct falling in the first category was also raised during the 1973 suit as the basis for that litigation. That proceeding having been brought to a final conclusion, no other claim may be predicated upon the same incidents * * *
“When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single ‘factual grouping’ (Restatement, Judgments 2d, § 61 (Tent Draft No. 5]), the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions.”
The original summons and complaint were served on May 28, 1982. The defendant moved to dismiss in that action for untimely service on or about June 16, 1982 pursuant to CPLR 3211. The plaintiffs made no attempt to amend their pleadings to allege causes of action for equitable relief. In response to the present dismissal motions, the plaintiffs only seek permission to “reargue” if the court deems the language “on the merits” to be a factor. The language “on the merits” only emphasizes the effect of the dismissal of the prior complaint based on a Statute of Limitations bar. There has been no motion to vacate the prior order on any legal basis and the court is not presently aware of any existing basis for such relief. The plaintiffs’ cross motion is denied.
*131 It is apparent from a comparison of the prior complaint and the present one that all of the facts underlying the present causes of action were set forth in the prior complaint and were known at that time. Accordingly, the court finds that any cause of action for money damages based upon the facts alleged in this complaint and particularly as related to a flooding of the plaintiffs’ premises on or about February 11, 1981 is foreclosed by claim preclusion — res judicata. Further, the present attempt to seek money damages incidental to equitable relief is also found to be prohibited by claim preclusion. (O’Brien v City of Syracuse, supra.)
The court, however, finds that insofar as the present action seeks an injunction prohibiting the defendant from casting water on the premises in the future, the relief sought is substantially different from that in the first action and such equitable relief would not have been barred by the Statute of Limitations applied to tort actions (Malloy v Town of Niskayuna, 64 Misc 2d 676; cf. Mazo v Town of Shawangunk, 60 AD2d 734; see Malcuria v Town of Seneca, 84 AD2d 931, 932). A nuisance is of a continuing nature and the potential injury will sustain equitable relief. In the event that the plaintiffs establish their cause of action for equitable relief, the payment of money remains a possibility as the appropriate relief. While no trespasses of water subsequent to the dismissal of the first complaint are pleaded, it would seem patent that any such trespasses would not be barred by the dismissal of the prior complaint (O’Brien v City of Syracuse, supra).
For the foregoing reasons, the court finds that the second cause of action of the complaint which seeks damages based on the flooding of the plaintiffs’ property which occurred on February 11,1981 is barred by res judicata but that the first cause of action for equitable relief is not so barred.
The court further finds that the defendant’s motions to dismiss the action as untimely and for failing to allege in the complaint a filing of a notice of claim are without merit (Malcuria v Town of Seneca, supra). Also, the motion based upon a failure to serve a written notice of a defective condition of the culvert or culverts is without merit.
*132 Finally, the branch of the motion alleging that the defendant does not have jurisdiction over the alleged defective culverts or did not create the claimed defective conditions is in the nature of a request for summary judgment and it is not sufficiently supported by affidavits for the court to consider. The affidavit of the “Town Engineer” submitted by the defendant does not show any foundation for his allegations as to the town’s responsibility or lack thereof for the alleged defective conditions. The motion based on ownership or construction of the culverts is denied without prejudice to any motion for summary judgment on such grounds as the defendant may deem it advisable to bring in the future.
The defendant’s motion to dismiss is granted as to the second cause of action in the complaint and, otherwise, it is denied.
The plaintiffs’ cross motion for reargument is denied.