■ THEODORE S. JACKAWAY, Appellant, v NORTHERN DUTCHESS HOSPITAL, Respondent.—In an action to recover damages for an alleged violation of Public Health Law § 2801-b (1) and injunctive relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Benson, J.), entered December 4, 1986, as denied his application for a preliminary injunction and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a physician affiliated with the defendant hospital, brought this action pursuant to Public Health Law § 2801-c, seeking both injunctive relief and money damages for an alleged violation of Public Health Law § 2801-b (1). The plaintiff claims that his professional privileges at the defendant hospital were improperly curtailed and diminished as of January 1, 1986, when he was transferred from the "active" staff to the "courtesy" staff. The plaintiff's complaint to the Public Health Council pursuant to Public Health Law § 2801-b (2), (3) was found to be without basis, since the defendant's action in changing the plaintiff's staff assignment was related to the objectives of the hospital.

The plaintiff, a board-certified obstetrician and gynecologist, has been a member of the staff of the defendant hospital since 1973 and was placed on the "active" staff in 1982. Members of both the "courtesy" and "active" staffs have equal privileges in admitting and treating patients in the hospital, but only members of the "active" staff may serve on committees, hold positions on the medical staff and vote on matters of medical policy. In early 1985, the board of directors of the hospital determined that medical policy decisions should be made by physicians who admit patients to the hospital on a regular, rather than occasional basis. To that end, the board of directors established a policy that, commencing January 1, 1986, appointments to the "active" staff in the various medical services would be granted only to physicians who had admitted at least 25 patients to the hospital during the prior calendar year. In the obstetrics-gynecology service, the admissions of "laboring mothers" would be the only admissions counted toward the minimum, unless the doctor's practice was limited solely to gynecology. During 1985, while the plaintiff admitted more than 25 patients to the defendant hospital, only 3 were "laboring mothers". The vast majority of his obstetrical cases were treated at Kingston Hospital, where he was also on staff. It was as the result of his failure to meet the

requisite minimum admissions in 1985 that the plaintiff's staff assignment was changed.

Prior to 1972 the administration of a hospital had unfettered discretion in the appointment of medical staff and the curtailment or termination of staff privileges (see, Matter of Cohoes Mem. Hosp. v. Department of Health, 48 NY2d 583, 587; Fried v Straussman, 41 NY2d 376, 380, rearg denied 41 NY2d 1009). The enactment of Public Health Law § 2801-b sought to soften this harsh rule by prohibiting any denial, withholding, curtailing, termination or diminution of professional privileges at a hospital without stating the reason therefor and by providing that the reason must be related to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant. Anyone claiming to be aggrieved by a violation of this statute may complain to the Public Health Council (Public Health Law § 2801-b [2]) which is authorized to investigate the complaint and, if it finds it is credible, to seek to have the governing body of the hospital review and rectify the situation (Public Health Law § 2801-b [3]). Following the determination of the Public Health Council, an action may be instituted in the Supreme Court to enjoin violations or threatened violations (Public Health Law § 2801-c).

The extent of judicial review of the actions of a hospital in such cases is a limited one. The findings of the Public Health Council are prima facie evidence of the facts found therein (Public Health Law § 2801-c; Fried v Straussman, supra, at 381), i.e., that the reasons for any diminution of the plaintiff's professional privileges were related to the objectives of the hospital. The court is not authorized to determine the ultimate truth of the facts on which the change in privileges was based (Fried v Straussman, supra, at 382). Good faith by the defendant is required, that is, the reasons given by the defendant must be authentic and not pretenses. Since in this matter the plaintiff has not claimed that the defendant acted in bad faith or that the reasons given for the change in his status (his failure to admit 25 laboring mothers in 1985) was not genuine, his complaint was properly dismissed. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.