■ BEULAH D. JONES, Appellant, v YONKERS GENERAL HOSPITAL, INC., Respondent.—In an action pursuant to Public Health Law § 2801-c, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Ruskin, J.), dated November 3, 1986, which granted the defendant's motion to dismiss the action.

Ordered that the judgment is affirmed, with costs.

The plaintiff claims that the defendant, Yonkers General Hospital (hereinafter the hospital), violated its bylaws by suspending and eventually terminating her medical privileges.

On this record we do not find that the hospital engaged in an "improper practice" within the meaning of Public Health Law § 2801-b, which defines and prohibits "improper practices" by a hospital regarding staff appointments and extension of professional privileges. An "improper practice" is defined, *inter alia,* as a practice whereby a physician's privileges are diminished, curtailed or terminated for (1) unstated reasons, or (2) reasons unrelated to patient care, patient welfare, objectives of the institution or competency of the physician. The scope of judicial review in an action pursuant to Public Health Law § 2801-c is limited to the question of whether a hospital acted in good faith by proffering reasons for its action that are "authentic and not pretenses" *(Jackaway v Northern Dutchess Hosp.,* 139 AD2d 496).

In this case, the plaintiff failed to keep complete medical records of nine cases. Her professional judgment in 3 of these 9 cases came under scrutiny during the hospital's routine review of the cases. Moreover, by letter dated March 1, 1983, the hospital notified the plaintiff that her malpractice insurance had lapsed. The record indicates that the plaintiff did not have her insurance coverage reinstated until May 9, 1983. The plaintiff's insurance coverage again lapsed on January 3, 1984, and was not reinstated until February 14, 1984. The plaintiff's insurance coverage lapsed for a third time in the spring of

1984, and by letter dated June 19, 1984, the hospital informed the plaintiff that her privileges had been suspended.

It is a violation of the rules of the hospital to fail to maintain medical malpractice coverage, and such a failure may result in immediate termination of staff privileges. The rules of the hospital also provide for automatic suspension of privileges for failure to complete medical records within a prescribed time. The record discloses that the plaintiff failed to timely respond to requests to remedy the irregularities. After waiving a formal hearing, the plaintiff met informally with an ad hoc hospital committee to discuss the nine cases in issue. After the meeting, it was recommended that the plaintiff obtain a second opinion prior to surgery performed by her within a prescribed period and that "all of her cases should be reviewed retrospectively by the Peer Review Committee" with the consultation of another physician. By letter dated December 26, 1984, the hospital offered to restore the plaintiff's medical privileges if she would accept these conditions. However, on December 27, 1984, the plaintiff's insurance coverage lapsed once again. By letter dated February 5, 1985, the hospital again warned the plaintiff of imminent suspension for failure to maintain proper insurance coverage. The plaintiff then attempted to accept the offer of reinstatement "under protest" but offered no proof of malpractice coverage. The hospital responded, in a letter dated February 20, 1985, that acceptance "under protest" was "meaningless", i.e., that the plaintiff had to either clearly accept or reject the conditions attached to her reinstatement and that, in any event, she could not be reinstated without proof of insurance coverage. The plaintiff failed to respond to this letter. Accordingly, the plaintiff's privileges at the hospital were terminated on December 18, 1985. Based upon this record, the hospital's actions were reasonably related to the institutional concerns set forth in Public Health Law § 2801-b.

Finally, the record contains no proof that the plaintiff ever sought to state an independent claim for damages in her application or affidavits in opposition to the defendant's motion to dismiss. Accordingly, the Supreme Court did not err in not considering the issue. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.