■ STUART B. WOLLMAN, Respondent, v LONG ISLAND JEWISH MEDICAL CENTER, Appellant.—In an action, *inter alia,* to compel the defendant to reinstate the plaintiff's professional privileges, the defendant appeals from an order of the Su-

preme Court, Queens County (Leviss, J.), entered August 17, 1989, which denied its motion to dismiss the plaintiff's complaint, or in the alternative, to strike scandalous and prejudicial portions thereof.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to strike the allegedly scandalous and prejudicial portions of the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The instant case arises from an ongoing dispute between the plaintiff Dr. Stuart Wollman and the Long Island Jewish Medical Center. Dr. Wollman had been appointed by the defendant as "Acting Chairman" of the Department of Anesthesiology in 1981. While Dr. Wollman had submitted his name on at least three separate occasions, he had never been appointed permanent Chairman of the Department of Anesthesiology. Dr. Wollman alleged that the failure of the defendant to grant him the chairmanship had been part of its plan, as carried forth by its president, Dr. Robert Match, to oust a group of private practice anesthesiologists in order to establish an anesthesiology department comprised of hospital-based, salaried employees. Dr. Wollman alleged that the defendant had recruited another physician, Dr. Raymond Miller, for the chairmanship due to Dr. Miller's previous success in eliminating private practice anesthesiology groups.

In 1986, Dr. Wollman instituted a proceeding pursuant to CPLR article 78, *inter alia,* to direct the defendant to appoint him chairman of the Department of Anesthesiology. This petition was dismissed on the ground, *inter alia,* that it was untimely. In 1987, Dr. Wollman instituted an action to recover damages against Dr. Match and Dr. Miller in connection with their alleged tortious interference with his precontractual relations with the defendant. The complaint was dismissed, *inter alia,* for failure to state a cause of action. Shortly thereafter, the defendant summarily suspended Dr. Wollman from his position as Acting Chairman of the Department of Anesthesiology and revoked his professional privileges. His suspension was based on his alleged "willful and intentional violation of the [defendant's] by-laws" and "his recent actions and course of conduct * * * sabatoging *[sic]* the appointment of Dr. Raymond K. Miller * * * as Chairman of the Department of Anesthesiology, all of which had adversely

threatened" patient care. At this time, Dr. Wollman instituted a third action for injunctive relief to stay the suspension, which was dismissed as premature for failure to exhaust administrative remedies.

On February 10, 1988, after the defendant's disciplinary process was completed, the defendant's Board of Trustees permanently revoked Dr. Wollman's professional privileges. Dr. Wollman instituted the instant action, *inter alia,* for injunctive relief pursuant to Public Health Law § 2801-b, to restore his professional privileges on the ground that the defendant's actions had been undertaken in bad faith. In particular, Dr. Wollman alleged that his disciplinary hearing had been tainted. The defendant's motion to dismiss Dr. Wollman's complaint on the grounds of collateral estoppel, res judicata, and failure to state a cause of action were denied by the Supreme Court. We affirm.

Contrary to the defendant's contentions, the prior litigation between the parties does not preclude Dr. Wollman from instituting the instant action. The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action, an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 69). The issue must have been material to the proceeding and essential to the decision rendered therein *(Ryan v New York Tel. Co.,* 62 NY2d 494, 501). The issues to be determined in the instant action were not material in the prior cases and were not necessarily decided therein. The extent of judicial review of the defendant's actions in the instant action involves a determination of whether the purported grounds for the revocation of Dr. Wollman's professional privileges were reasonably related to the defendant's concerns and whether the defendant acted in bad faith *(see, Fried v Straussman,* 41 NY2d 376; *Jackaway v Northern Dutchess Hosp.,* 139 AD2d 496). Neither of these issues were material to the proceeding commenced in 1986, or the action commenced in 1987. In the third action for injunctive relief, which was dismissed primarily on the ground that it was premature, no determination was reached as to these issues. While the defendant contends that the issue of its "good faith" was necessarily decided in the prior cases, we note that those prior cases had been decided on alternate grounds. Since we cannot conclude that any of these prior determinations had squarely addressed and specifically decided the issue of the defendant's bad faith *(O'Connor v*

*G & R Packing Co.,* 53 NY2d 278, 279), the doctrine of collateral estoppel should not be applied in this case *(see, O'Connor v G & R Packing Co., supra; Malloy v Trombley,* 50 NY2d 46, 52; *see also, Ross v Medical Liab. Mut. Ins. Co.,* 75 NY2d 825).

The instant action is predicated upon the alleged wrongful revocation of Dr. Wollman's professional privileges after a disciplinary hearing, an event which did not occur until after the prior actions and the prior proceeding had been concluded. Accordingly, the instant action is not barred by res judicata *(see, Matter of Reilly v Reid,* 45 NY2d 24; *Kret v Brookdale Hosp. Med. Center,* 93 AD2d 449).

We find no merit to the defendant's argument that Dr. Wollman has failed to state a cause of action. Public Health Law § 2801-b prohibits a hospital from revoking a physician's professional privileges where the reasons are unrelated to patient care, competency of the physician, or the objectives of the institution. Dr. Wollman's complaint has sufficiently alleged that the defendant acted in bad faith to sustain his cause of action under Public Health Law § 2801-b *(see, Fried v Straussman,* 41 NY2d 376, *supra; Jackaway v Northern Dutchess Hosp.,* 139 AD2d 496, *supra).* Moreover, Dr. Wollman has cited specific provisions of the defendant's by-laws which were allegedly violated during his disciplinary hearing *(see, Chalasani v Neuman,* 97 AD2d 806, *revd on other grounds* 64 NY2d 879).

The denial of the defendant's application to strike certain prejudicial portions of Dr. Wollman's complaint is not appealable as a matter of right *(see,* CPLR 5701 [b] [3]). As the defendant has not sought permission to appeal, the issue is not properly before this court. We decline to grant permission to appeal *sua sponte.* Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.