Ramon CEPEDA, Plaintiff,

v.

Thomas A. COUGHLIN, III, Commissioner of the Department of Corrections, State of New York; J. O'Gorman, Correction Officer; Sgt. LaBoy; Lt. McMahon, Green Haven Correctional Facility, Defendants.

No. 91 Civ. 2469 (RWS).

United States District Court, S.D. New York.

Feb. 7, 1992.

Ramon Cepeda, pro se.

Robert Abrams, Atty. Gen. (Gayle A. Sullivan, Asst. Atty. Gen., of counsel), New York City, for defendants.

## OPINION

SWEET, District Judge.

Defendants Thomas A. Coughlin, III ("Commissioner Coughlin"), J. O'Gorman ("Officer O'Gorman"), Bobbie Jo LaBoy ("Sergeant LaBoy") and Lt. McMahon ("Lieutenant McMahon") (collectively, the "Defendants") have moved to dismiss the complaint of plaintiff *pro se* Ramon Cepeda ("Cepeda") for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

### The Parties

Commissioner Coughlin is the Commissioner of the New York State Department of Corrections.

Sergeant LaBoy is a sergeant at Green Haven Correctional Facility ("Green Haven").

Lieutenant McMahon is a lieutenant at Green Haven.

Officer O'Gorman is a corrections officer at Green Haven.

### Facts and Prior Proceedings

On July 23, 1988, Cepeda was the subject of a disciplinary hearing (the "Tier II Hearing") at Green Haven over which Lieutenant McMahon presided as hearing officer. Cepeda was found guilty of the charges brought against him for threats and extortion or attempted extortion, as set forth in a misbehavior report prepared by Officer O'Gorman. Cepeda appealed administratively to the Superintendent of the Department of Corrections ("DOCS") and to Commissioner Coughlin, who, either personally or through his designees, affirmed the decision.

Cepeda then brought a proceeding under Article 78 of the New York Civil Practice Law and Rules against Commissioner Coughlin and Officer O'Gorman in the New York State Supreme Court. In his Article 78 petition, Cepeda sought to have the Tier II Hearing set aside on the grounds that "the Misbehavior Report lacked certain written particulars of the alleged incident; that the person who wrote the Misbehavior Report lacked personal knowledge of the facts; that confidential information which was used in reaching the determination was not made a part of the record of the disciplinary hearing; and that petitioner was denied a fair and impartial hearing." Cepeda v. Coughlin, Index No. 89–8716 (N.Y.Sup.Ct. July 11, 1989). The state court dismissed the petition as untimely under the four-month limitation period applicable to Article 78 proceedings.

On April 9, 1991, Cepeda filed a complaint in the present action ("the Complaint") under 42 U.S.C. § 1983 ("§ 1983"), naming as defendants Commissioner Coughlin, Officer O'Gorman, Lieutenant McMahon and Sergeant LaBoy. The Complaint alleges that the Defendants violated Cepeda's right to due process by depriving him of a fair and impartial hearing. The acts constituting the alleged deprivation are essentially identical to those raised in Cepeda's Article 78 petition.

On October 1, 1991, Defendants filed the present motion seeking to dismiss the Complaint on the grounds that Cepeda is collaterally estopped from litigating these claims in this court by the prior dismissal of the Article 78 proceeding. In the alternative, Defendants move pursuant to Fed.R.Civ.P. 12(b)(6) that the claims against Commissioner Coughlin, Sergeant LaBoy and Officer O'Gorman be dismissed for failure to state a claim upon which relief can be granted.

### Discussion

■ The Defendants first argue that Cepeda's complaint must be dismissed because the issues raised are identical to those raised in his Article 78 petition and thus relitigation of these issues is precluded under the doctrine of collateral estoppel. In determining whether Cepeda is estopped, this court must give the same preclusive effect to the state court judgment as would be given in New York, the state in which it was rendered. *Migra v. Warren City School District Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see also* 28 U.S.C. § 1738.

■ Preclusion rules are expressed through the doctrines of *res judicata,* or "claim preclusion," and collateral estoppel, or "issue preclusion." Under the doctrine of *res judicata,* a final judgment on the merits precludes the parties or those in privity with them from relitigating claims that were or could have been raised in the prior action. *Fay v. South Colonie Cent. School Dist.,* 802 F.2d 21, 28 (2d Cir.1986). Under the "transactional approach" to *res judicata* adopted by New York courts, if claims in a later action arise out of the same "factual grouping" that formed the predicate for the prior proceeding, *see Reilly v. Reid,* 45 N.Y.2d 24, 407 N.Y.S.2d 645, 649, 379 N.E.2d 172, 177 (1978), *quoted in Fay,* 802 F.2d at 28, they are deemed part of the same "claim" and will be barred without regard to whether they are based upon different legal theories or seek addi-

tional relief. *Davidson v. Capuano,* 792 F.2d 275, 278 (2d Cir.1986) (citing New York cases). The defendants do not assert *res judicata* as a grounds for dismissing the Complaint.[1]

Rather, the Defendants invoke collateral estoppel, or "issue preclusion." Under this doctrine, relitigation of issues identical to those raised and necessarily decided in a prior proceeding on a different claim is precluded. *See, e.g., Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490 (1984); *Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 310–11, 386 N.E.2d 1328, 1331 (1979). For collateral estoppel to apply, "an issue in the present proceeding [must] be identical to that necessarily decided in a prior proceeding, and ... in the prior proceeding the party against whom preclusion is sought [must have been] accorded a full and fair opportunity to contest the issue." *Allied Chemical v. Niagara Mohawk Power Corp.,* 72 N.Y.2d 271, 276, 532 N.Y.S.2d 230, 232, 528 N.E.2d 153, 155 (1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989); *see also Owens v. Treder,* 873 F.2d 604, 607 (2d Cir.1989); *Cameron v. Fogarty,* 806 F.2d 380, 385 (2d Cir.1986) (quoting *Capital Telephone Co. v. Pattersonville Telephone Co.,* 56 N.Y.2d 11, 17, 451 N.Y.S.2d 11, 13, 436 N.E.2d 461, 463 (1982)), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987); *Wollman v. Long Island Jewish Medical Ctr.,* 170 A.D.2d 673, 675, 566 N.Y.S.2d 937, 939 (2d Dept.1991) (issue must have been material to prior proceeding and essential to decision) (citing *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 501, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490 (1984)); *Gramatan Home Investors Corp.,* 46 N.Y.2d at 485, 414 N.Y.S.2d at 311, 386 N.E.2d at 1331, *cited in Davis v. Halpern,* 813 F.2d 37, 39 (2d Cir.1987).

■ Although the cases cited by the Defendants establish that New York considers a dismissal on statute of limitations grounds a final judgment "on the merits" for *res judicata* purposes, *see* cases cited in note 1 *supra,* neither these cases nor any discovered by this court lend support to Defendants' facile contention that such a dismissal acts to collaterally estop future litigation of the issues raised in the time-barred proceeding. Indeed, these cases lead to the conclusion that New York courts would not accord collateral estoppel effect to a statute of limitations dismissal. *But cf. De Crosta,* 41 N.Y.2d at 1102, 396 N.Y.S.2d at 359, 364 N.E.2d at 1130, discussed *infra* ("having raised the issue of strict products liability in the previous time limitation consideration, plaintiff is now estopped by the prior adjudication" from raising issue of strict products liability).

---

1. Under New York's transactional approach to *res judicata,* the prior Article 78 proceeding would bar this § 1983 action because it is based on the same factual foundation. *See, e.g., Smith v. Russell Sage College,* 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 749 (1981). New York considers a dismissal on statute of limitations grounds as a final judgment on the merits for *res judicata* purposes, *see, e.g., Bray v. New York Life Ins.,* 851 F.2d 60 (2d Cir.1988) (citing New York cases); *Fay,* 802 F.2d at 28–29; *Smith,* 54 N.Y.2d at 194, 445 N.Y.S.2d at 72, 429 N.E.2d at 750; *De Crosta v. A. Reynolds Constr. & Supply Corp.,* 41 N.Y.2d 1100, 1101, 396 N.Y.S.2d 357, 359, 364 N.E.2d 1129, 1130 (1977); *Shartrand v. Glenville,* 118 Misc.2d 128, 129, 460 N.Y.S.2d 220, 221–22 (Sup.Ct.1983) (dismissal on statute of limitations grounds is "on the merits" for claim preclusion purposes "whether or not language 'on the merits' specified").

Nevertheless, under New York law, a prior adjudication will not bar later claims if the initial forum did not have power to award the full relief sought in the later litigation. *Davidson v. Capuano,* 792 F.2d 275, 278 (2d Cir.1986); *see also Natale v. Koehler,* No. 89 Civ. 6566, slip op., 1991 WL 130192 (S.D.N.Y. July 9, 1991); *Davis v. Halpern,* 813 F.2d 37, 39 (2d Cir.1987); *Giano v. Flood,* 803 F.2d 769, 770 (2d Cir.1986); *Fay,* 802 F.2d at 29. It is by now well-established that, under this exception, a prior Article 78 proceeding does not preclude a subsequent § 1983 action for damages since damages for civil rights violations are not available in Article 78 proceedings. *Davidson,* 792 F.2d at 282; *see also Natale,* No. 89 Civ. 6566, slip op. at 7–8; *Gutierrez v. Coughlin,* 841 F.2d 484, 486 (2d Cir.1988); *Davis,* 813 F.2d at 39; *Giano,* 803 F.2d at 770–71; *Fay,* 802 F.2d at 25. This exception applies whether the party against whom claim preclusion is sought was successful or unsuccessful in the Article 78 proceeding. *Natale,* No. 89 Civ. 6566, slip op. at 7–8. Therefore, to the extent that the Complaint seeks an award of damages, *see* Compl. at 5, it is not barred by *res judicata.*

Under these cases, for collateral estoppel to apply, the elements of identicality, decisiveness and a full and fair opportunity to litigate the prior decision must be present. There is no dispute here that the issues in the present action are identical to those raised in the Article 78 proceeding. Moreover, Cepeda had a full and fair opportunity to litigate these issues in state court. *See Campo v. New York City Employees' Retirement Sys.*, 843 F.2d 96 (2d Cir.) (New York's Article 78 proceeding provides adequate post-deprivation remedy to review administrative hearing determinations that comports with due process), *cert. denied*, 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988). Thus, the only issue is whether a statute of limitations dismissal satisfies the element of decisiveness. Although no New York court appears to have answered this question directly, analogous cases lead to the conclusion that New York courts would answer this question in the negative.

In *Wollman v. Long Island Jewish Medical Ctr.*, 170 A.D.2d 673, 566 N.Y.S.2d 937 (2d Dept.1991), the plaintiff brought three successive actions for injunctive and monetary relief. The actions were based on (1) the failure of the hospital-defendant to appoint him as chairman of a department; (2) the hospital-defendant's suspension of the plaintiff; and (3) the alleged tortious interference by two individual defendants with his precontractual rights. The first action was dismissed as untimely; the second was dismissed for failure to state a claim; and the third was dismissed as premature. The plaintiff then instituted a fourth action seeking to have the hospital-defendant restore his professional privileges, claiming that its actions were undertaken in bad faith. The hospital-defendant moved to dismiss claiming, among other things, that the plaintiff was collaterally estopped by the prior dismissals.

The New York Appellate Division held that the plaintiff was not collaterally estopped because:

> [t]he issues to be determined in the instant action were not material in the prior cases and were not necessarily decided therein.... While the defendant contends that the issue of its "good

faith" was necessarily decided in the prior cases, we note that those prior cases had been decided on alternate grounds. Since we cannot conclude that any of these prior determinations had squarely addressed and specifically decided the issue of the defendant's bad faith, the doctrine of collateral estoppel should not be applied in this case.

*Id.* at 675, 566 N.Y.S.2d at 939 (citations omitted).

In *Halyalkar v. Board of Regents*, 72 N.Y.2d 261, 532 N.Y.S.2d 85, 527 N.E.2d 1222 (1988), the New York State Court of Appeals reversed a finding by the Board of Regents that the plaintiff was collaterally estopped from contesting charges that he had knowingly filed false medical reports by a consent order in an earlier administrative proceeding in which he had entered a plea of guilty. Acknowledging that the charges and issues in the prior action were "essentially indistinguishable" from those in the action before the Board of Regents, the court nevertheless agreed with the plaintiff's contention that collateral estoppel requires that the issue was "actually litigated and resolved in the prior proceeding." Subsuming decisiveness under the identicality element, the court wrote that "[f]or a question to have been actually litigated so as to satisfy the identicality requirement ... it must have been properly raised by the pleadings or otherwise placed in issue and *actually determined* in the prior proceeding." *Id.* at 268, 532 N.Y.S.2d at 89, 527 N.E.2d at 1226 (citations omitted; emphasis added). By entering into the consent judgment, the court reasoned, the "issue in question was neither argued, conceded nor even addressed" in the prior proceeding and thus could not fairly be said to have been litigated or resolved. *Id.*

Finally, the Second Circuit case of *Owens v. Treder*, 873 F.2d 604 (2d Cir.1989), vividly illustrates the stringency of the requirement that the issue sought to be precluded be essential to the prior decision. There, the plaintiff brought an action under § 1983 claiming that his confession was coerced. *Id.* at 606. Applying New York preclusion law, the Second Circuit held that

the issue of the plaintiff's voluntariness was not "necessarily decided" in the criminal proceeding. The court in the prior action had found in a pre-trial suppression hearing that plaintiff's confession was not coerced, and at trial the jury returned a general verdict convicting him of robbery and felony murder. The Appellate Division had affirmed the conviction, making no specific finding as to whether the confession had been coerced. *Id.*

The court refused to accord collateral estoppel effect to the issue of the voluntariness of the confession based on the verdict of conviction and the affirmance. Although the coerced confession issue was actually litigated, the court concluded that it "was not essential to the jury's verdict." In light of the jury's general verdict and the fact that prosecution's other evidence was substantial, it was not possible to determine whether the jury "actually decided the issue." *Id.* at 610. The court also found that the affirmance by the Appellate Division did not collaterally estop relitigation of the issue because that court did not specify that the admissibility of the confession was essential to the affirmance. *Id.* at 611.

Applying the reasoning of these cases, where an entire claim is dismissed on statute of limitations grounds prior to any litigation whatsoever, it cannot possibly be said that resolution of *any* issue was "essential to the decision," "actually decided," "actually litigated and resolved in the prior proceeding" or anything of the like. Of course, this case is distinguishable from one in which the computation of the limitations period pursuant to which the first action was dismissed depended upon the resolution of the issue raised in the subsequent action. *See De Crosta,* 41 N.Y.2d at 1102, 396 N.Y.S.2d at 359, 364 N.E.2d at 1130 ("having raised the issue of strict products liability in the previous time limitation consideration, plaintiff is now estopped by the prior adjudication" from raising issue of strict products liability). Because that is not the case here, and because none of the issues now raised in the Complaint were decisive in the dismissal of the Article 78 proceeding, the Defendants' motion to dismiss the Complaint as collaterally estopped is denied.

*Failure to State a Claim*

The Defendants next argue that the Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to allege the requisite personal involvement by Commissioner Coughlin and Sergeant LaBoy and fails to state a claim against Officer O'Gorman. For the following reasons, the motion to dismiss the claims against Sergeant LaBoy and Officer O'Gorman is granted; the motion to dismiss the claims against Commissioner Coughlin is denied.

To state a claim under § 1983, Cepeda must plead facts which, if true, establish that (1) the allegedly unlawful conduct was committed by a person acting under color of state law and (2) that conduct deprived him of "rights, privileges or immunities secured by the Constitution or laws of the United States." *Oberlander v. Perales,* 740 F.2d 116, 119 (2d Cir.1984); *see also Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). Moreover, Cepeda must establish that the individual defendant charged was personally involved in the wrongful conduct that deprived him of his constitutional rights. *Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987). While the doctrine of *respondeat superior* does not apply to § 1983 claims, *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 663, 98 S.Ct. 2018, 2022, 56 L.Ed.2d 611 (1978), supervisory personnel may be held accountable for the constitutional violations of their subordinates upon proof that they (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986).

The Complaint does not allege any facts which, if true, establish that Sergeant LaBoy or Officer O'Gorman personally deprived Cepeda of any constitutional right. LaBoy's only alleged involvement in

the Hearing was as a witness interviewed off the record by Lieutenant McMahon. Compl. ¶ 4. Moreover, the misbehavior report, which Cepeda annexed to the Complaint, reveals that no information from Sergeant LaBoy was even recorded as "Evidence Relied Upon." Officer O'Gorman's sole alleged involvement is that he prepared the misbehavior report upon which Lieutenant McMahon based his findings. Compl. ¶ 1. There is no authority for the proposition that the preparation of a misbehavior report subsequently relied upon in an allegedly defective hearing constitutes a constitutional violation. Even assuming that the report was false, moreover, the Second Circuit has held in *Williams v. Smith*, 781 F.2d 319 (2d Cir.1986), in which the § 1983 plaintiff made a similar claim, that "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." *Id.* at 324 (citing *Sommer v. Dixon*, 709 F.2d 173, 174–75 (2d Cir.), *cert. denied*, 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983)).

■ The Complaint does state a cause of action against Commissioner Coughlin, however. The Complaint alleges that "[t]he Commissioner and/or his designee entertained plaintiffs appeal and also affirmed." Compl. at "Conclusion." As discussed above, the allegation that supervisory personnel learned of alleged misconduct on appeal yet failed to correct it constitutes an allegation of personal participation. Assuming that this allegation is true, as this court must on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), *see H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), Cepeda has pleaded personal involvement by Commissioner Coughlin sufficiently to withstand this motion. *See Williams*, 781 F.2d at 324 (denying dismissal on summary judgment where complaint alleged that Superintendent affirmed conviction on administrative appeal).

*Conclusion*

For the foregoing reasons, the motion to dismiss the Complaint under the doctrine of collateral estoppel is denied. The motion to dismiss the claims against Sergeant LaBoy and Officer O'Gorman is granted; the motion to dismiss the claims against Commissioner Coughlin is denied.

It is so ordered.