■ FREDRIC D. HARRIS, Respondent-Appellant, v M. MICHAEL EISENBERG et al., Appellants-Respondents. [604 NYS2d 596] —In an action, *inter alia,* pursuant to Public Health Law

§ 2801-c seeking an injunction and damages, (1) the defendants appeal from (a) an order of the Supreme Court, Westchester County (Gurahian, J.), entered June 26, 1991, which denied their motion for a protective order (Case No. 91-09651), and (b) an order of the same court, also entered June 26, 1991, which denied their motion to dismiss the complaint and granted the plaintiff's cross motion to amend the complaint to add a cause of action based upon the Public Health Law (Case No. 91-09652), and (2) the plaintiff appeals from (a) an order of the same court entered December 13, 1991, which, upon renewal and reargument, vacated the order entered June 26, 1991, which denied the defendants' motion for a protective order, and granted a protective order to the defendants (Case No. 92-02518), and (b) so much of an order of the same court, entered December 13, 1991, as granted the branch of the defendants' motion which was to dismiss the second through ninth causes of action asserted in the complaint (Case No. 92-02519) and (3) the defendants cross-appeal from so much of the latter order, entered December 13, 1991, as denied so much of their motion to dismiss the first cause of action.

Ordered that the appeal from the order entered June 26, 1991, which denied the defendants' application for a protective order is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered June 26, 1991, as denied the branch of the defendants' motion which was to dismiss the second through ninth causes of action asserted in the complaint is dismissed as academic, and that order is otherwise affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered December 13, 1991, which, upon renewal and reargument, granted the motion for a protective order is affirmed, without costs or disbursements; and it is further,

Ordered that the second order entered December 13, 1991, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendants' appeal from the order entered June 26, 1991, which denied their motion for a protective order, is dismissed as academic, since the court subsequently vacated that order and granted the motion in an order entered December 13, 1991. The defendants' appeal from a second order

entered June 26, 1991, which denied so much of their motion which was to dismiss the second through ninth causes of action asserted in the complaint is also academic, since the court granted the defendants' subsequent motion to dismiss the same causes of action in an amended complaint.

We find no improvident exercise of discretion in the Supreme Court's granting of the plaintiff's motion to amend the complaint to add a cause of action pursuant to Public Health Law §§ 2801-b, 2801-c. The plaintiff had exhausted his administrative remedies by filing a complaint with the Public Health Council and his motion was supported by a claim that the defendants engaged in "improper practices" as defined by Public Health Law § 2801-b (see, Fried v Straussman, 41 NY2d 376; Jones v Yonkers Gen. Hosp., 143 AD2d 885; Jackaway v Northern Dutchess Hosp., 139 AD2d 496). That is, the suspension and subsequent revocation of the plaintiff's hospital staff privileges were allegedly not made in good faith and were not related to standards of patient care or the objectives of the hospital or the competency of the plaintiff (see, Public Health Law § 2801-b [1]). The defendants' subsequent motion to dismiss that cause of action was properly denied for the same reason.

Contrary to the defendants' contention, the Public Health Council's finding of "no cause to credit the complaint" does not require a different result. The Council functions in an advisory capacity only and, while it may offer the court some aid in resolving disputes between health care professionals, its determination does not bind the court (see, Matter of Cohoes Mem. Hosp. v Department of Health, 48 NY2d 583, 589; Hauptman v Grand Manor Health Related Facility, 121 AD2d 151, 154).

Nor was it error for the court to dismiss the remaining causes of action seeking damages since the injunctive relief provided in Public Health Law § 2801-c was the plaintiff's exclusive remedy (see, Matter of Cohoes Mem. Hosp. v Department of Health, supra; Dolgin v Mercy Hosp., 127 AD2d 557). Moreover, apart from the Public Health Law cause of action, the plaintiff failed to allege any legally cognizable cause of action in his complaint. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.