■ In the Matter of JACK M. SHAPIRO, Appellant, v CENTRAL GENERAL HOSPITAL, INC., et al., Respondents. [632 NYS2d 220] —In a purported proceeding pursuant to CPLR article 78 and Public Health Law § 2801-c, *inter alia,* to review a determination of the Public Health Council dated June 18, 1992, which found "no cause to credit" the petitioner's complaint that Central General Hospital, Inc., had committed an improper practice under Public Health Law § 2801-b, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated March 10, 1993, which granted the respondents' motion for summary judgment and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding thereto a provision converting the proceeding into an action for injunctive relief *(see,* CPLR 103 [c]), with the notice of petition deemed a summons and the petition deemed a complaint; as so modified, the judgment is affirmed, with costs.

The instant litigation arises out of Central General Hospital's rejection of the application by petitioner, an otolaryngologist, for reappointment to the medical staff at Central General. The Credentials Committee recommended rejecting the petitioner's application upon a finding that he had made misstatements of

fact on his application with respect to whether he had ever been denied professional privileges from another institution. Pursuant to Central General's By-laws, a hearing was held before an Ad Hoc Committee, which also recommended rejection. The Executive Committee adopted the recommendation of the Ad Hoc Committee, which was affirmed on appeal before the Governing Board. The petitioner thereafter sought review by the Public Health Council, which subsequently dismissed the petitioner's complaint. The instant proceeding ensued.

We note, initially, that it was improper for the petitioner to commence a proceeding either under CPLR article 78 or Public Health Law § 2801-c, since the only avenue for judicial review of a determination of the Public Health Council is an action for injunctive relief (see, Matter of Cohoes Mem. Hosp. v Department of Health, 48 NY2d 583). Therefore, we have converted the purported proceeding into an action for injunctive relief (see, CPLR 103 [c]).

We find that the record supports the Supreme Court's adoption of the Public Health Council's conclusion that the petitioner had deliberately omitted relevant information from his application and that this conduct provided a good faith basis for Central General's decision not to reappoint the petitioner to the staff (see, Public Health Law § 2801-b; see generally, Fried v Straussman, 41 NY2d 376, 378; Harris v Eisenberg, 199 AD2d 305, 307; Jackaway v Northern Dutchess Hosp., 139 AD2d 496). Accordingly, the Supreme Court properly granted the motion of the respondents for summary judgment. Miller, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.