■ PETER Y. CHANG, Respondent, v WINTHROP-UNIVERSITY HOSPITAL, Appellant, et al., Defendants. [653 NYS2d 132] —In an action to enjoin the defendant Winthrop-University Hospital, inter alia, from refusing to supply the plaintiff with an application to seek an extension of his cardiac surgical privileges at the hospital, Winthrop-University Hospital appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), dated February 6, 1995, as, in effect, dismissed the complaint as premature rather than with prejudice. The appellant's notice of appeal from a decision of the same court dated January 9, 1995, is deemed a premature notice of appeal from the order and judgment (see, CPLR 5520 [c]).

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed with prejudice.

The Supreme Court erred in its determination that the plaintiff had not exhausted his administrative remedies. Pursuant to Public Health Law § 2801-b (2), a physician claiming to be aggrieved by an "improper practice" as defined in Public Health Law § 2801-b (1) must present his complaint to the Public Health Council. Since the plaintiff presented all of his complaints to the Public Health Council, including the complaint noted by the Supreme Court, i.e., the refusal by Winthrop-University Hospital to provide him with the application to seek an extension of his cardiac surgical privileges, the plaintiff properly exhausted his administrative remedies.

However, the complaint should have been dismissed on the merits because, on this record, there was no evidence that Winthrop-University Hospital engaged in an "improper practice" within the meaning of Public Health Law § 2801-b, which defines and prohibits "improper practices" by a hospital

regarding staff appointments and extensions of medical privileges *(see, Jones v Yonkers Gen. Hosp.* 143 AD2d 885). An "improper practice" is defined, *inter alia,* as a practice whereby a physician's privileges are curtailed, terminated, or diminished for (1) unstated reasons or (2) reasons unrelated to patient care, patient welfare, objectives of the institution, or competency of the physician. In this case, Winthrop-University Hospital's reasons for terminating the plaintiff's cardiac surgical privileges were related to patient care and welfare and the objectives of the hospital. Therefore, the termination of those privileges did not constitute an "improper practice". Miller, J. P., Santucci, Joy and Krausman, JJ., concur.