Guterman v Stony Brook Univ. Hosp. (2025 NY Slip Op 01910)

Guterman v Stony Brook Univ. Hosp.

2025 NY Slip Op 01910

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-03578
 (Index No. 618621/20)

[*1]Jonathan Guterman, appellant, 
v
Stony Brook University Hospital, respondent.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Andrea W. Trento of counsel), for respondent.

DECISION & ORDER
In an action for injunctive relief pursuant to Public Health Law § 2801-c, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated April 27, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In April 2017, the plaintiff, a neurologist licensed to practice in, among other states, New York, applied for appointment to the medical staff and for clinical privileges at the defendant, Stony Brook University Hospital. The defendant's Medical Board denied the application. That decision was upheld by a panel of active attending medical staff after a hearing, and was further affirmed by the governing body of the defendant. After exhausting his administrative remedies before the Public Health Council (see Public Health Law § 2801-b), the plaintiff commenced the instant action for injunctive relief pursuant to Public Health Law § 2801-c. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated April 27, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Public Health Law § 2801-b "prohibit[s] any denial, withholding, curtailing, termination or diminution of professional privileges at a hospital without stating the reason therefor and . . . provid[es] that the reason must be related to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant" (Jackaway v Northern Dutchess Hosp. , 139 AD2d 496, 497). "Anyone claiming to be aggrieved by a violation of this statute may complain to the Public Health Council, which is authorized to investigate the complaint and, if it finds it is credible, to seek to have the governing body of the hospital review and rectify the situation. Following the determination of the Public Health Council, an action may be instituted in the Supreme Court [pursuant to Public Health Law § 2801-c] to enjoin violations or threatened violations" (id. at 497 [citations omitted]). "The findings of the Public Health Council are prima facie evidence of the facts found therein, i.e., that the reasons for any diminution of the plaintiff's professional privileges were related to the objectives of the hospital" (id. [citations omitted]). "The scope of judicial review in an action pursuant to Public Health Law § 2801-c is limited to the [*2]question of whether a hospital acted in good faith by proffering reasons for its action that are 'authentic and not pretenses'" (Jones v Yonkers Gen. Hosp. , 143 AD2d 885, 885, citing Jackaway v Northern Dutchess Hosp. , 139 AD2d at 497). In short, "judicial review may assure only that the exclusion was made in good faith and on objectively reasonable grounds" (Fried v Straussman , 41 NY2d 376, 378).
Here, it is undisputed that the plaintiff's application contained incorrect answers to certain questions. For example, the plaintiff indicated in his application that he was on vacation for several years, but admitted later at the hearing that he had actually obtained employment during that time and decided not to include it on his application. Deliberate omissions of relevant information on an application provide a good faith basis for denying the application (see Matter of Shapiro v Central Gen. Hosp. , 220 AD2d 516, 517). Contrary to the plaintiff's contention, there is no basis in the record upon which to find that the defendant's determination to deny the application was made in bad faith or for any impermissible reason (see Fried v Straussman , 41 NY2d at 383; Jackaway v Northern Dutchess Hospital , 139 AD2d at 497).
Accordingly, we affirm the order.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court