DIESEL INSTALLATION CORPORATION OF AMERICA, Respondent, v. NU-BORO PARK CLEANERS, INC., Appellant. (Action No. 1.) NU-BORO PARK CLEANERS, INC., Appellant, v. DIESEL INSTALLATION CORPORATION OF AMERICA, NAGER ELECTRIC Co., INC., and EDWARD F. NAGER, Respondents. (Action No. 2.) — Order dated July 9, 1941, modified on the law and the facts by striking out the last ordering paragraph and substituting therefor a provision to the effect that Nu-Boro Park Cleaners, Inc., the defendant in Action No. 1 and the plaintiff in Action No. 2, shall have the right to open and close upon the trial of the consolidated action. As thus modified the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellant. Appeal from the order dated August 7, 1941, dismissed, without costs. Action No. 1 was instituted by the service of a summons without a complaint and the plaintiff having moved for consolidation waived the right to open and close. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

GABRIEL IANNACONE, Appellant, v. DOROTHY S. RIS, Respondent (Action No. 1.) PACIFIC FIRE INSURANCE COMPANY, DOROTHY S. RIS and CHARLES H. RIS, Respondents, v. GABRIEL IANNACONE, Appellant, and STERN BROTHERS, Defendant. (Action No. 2.) — Order denying appellant's motion to consolidate Action No. 2, pending in the Municipal Court of the City of New York, Borough of Manhattan, with Action No. 1, pending in the Supreme Court, Kings County, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

In the Matter of the Application of MOLLY DERER, Respondent, for a Writ of Habeas Corpus to Determine the Custody of SHELDON DERER and MARCIA DERER, Now Held by BERNARD DERER, Appellant.— In a proceeding sustaining a writ of habeas corpus, order of June 21, 1941, granted on reargument, modified on the law by striking out the whole of the fourth ordering paragraph, and so much of the fifth ordering paragraph as conditions the right of visitation upon payment for the support and maintenance of the wife and children. As so modified, the order is affirmed, without costs. In a habeas corpus proceeding the court was without power to make the provisions struck from the order. Appeals from the original order dated June 3, 1941, and from the order of July 17, 1941, denying the motion to resettle the order of June 21, 1941, dismissed, without costs. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.