Ricardo BURGOS, Plaintiff–Appellant,

v.

Marian HOPKINS, Warden; Daniel Meehan, Deputy Warden; James Grillo, Captain; Warlick, Correction Officer (Shield No. 7328); NFN Hurdle, Correction Officer (Shield No. ___), Defendants–Appellees.

No. 44, Docket 93–2006.

United States Court of Appeals, Second Circuit.

Submitted Oct. 8, 1993.

Decided Jan. 26, 1994.

Ricardo Burgos, pro se.

A. Orli Spanier, New York City (O. Peter Sherwood, Corp. Counsel of the City of New York, New York City, of counsel), for defendants-appellees.

Before: PIERCE, MINER and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiff-appellant Ricardo Burgos appeals *pro se* from a judgment of the United States District Court for the Eastern District of New York (Nickerson, *J.*), dismissing on res judicata grounds his civil rights action brought pursuant to 42 U.S.C. § 1983 (1988). The district court determined that Burgos's § 1983 claims had already been fully litigated in a state court habeas corpus proceeding, which had been decided against him. The district court had previously denied Burgos's motion for appointment of *pro bono* counsel.

Burgos now essentially argues that the district court erred in denying him counsel, preventing him from showing that his § 1983 claims are not barred by res judicata. We agree, because our review of relevant state statutes and case law shows that the relief now sought by Burgos was not available in the prior state court proceeding. For that reason, we hold that Burgos's instant claim is not barred by res judicata, and remand for further consideration, including a determination of whether collateral estoppel applies.

## BACKGROUND

On August 7, 1991, Burgos brought the present action *pro se* under 42 U.S.C. § 1983 against various employees of the House of Detention for Men on Rikers Island ("the appellees"). Burgos's complaint alleged that he sustained injury in a May 1989 attack at Rikers Island by a fellow inmate named Jose Medina due to the appellees' failure to assign him to protective housing pursuant to his security classification. He also alleged that two correction officer appellees improperly permitted Medina to have access to his cell block.

Burgos had previously brought both a state habeas corpus proceeding and a prior federal § 1983 action based on the May 1989 incident at Riker's Island. The prior state habeas corpus proceeding was commenced in July 1989 in the New York State Supreme Court, Bronx County. The petition was brought against the former Commissioner of the New York City Department of Correction and the Warden of the Bronx House of Detention, the institution in which Burgos was incarcerated. Burgos alleged through counsel that he was subjected to cruel and unusual punishment primarily as a result of a May 1989 attack by another inmate instigated by correction officers. The inmate was later identified as Jose Medina. After a hearing in which Burgos called three inmates and five correction officers as witnesses, the state judge dismissed all the allegations based on the May 1989 attack. The rest of the petition was subsequently dismissed on February 2, 1990.

The prior federal action was brought pursuant to 42 U.S.C. § 1983 and commenced in July 1989—at the same time as the state action—in the United States District Court for the Southern District of New York (Mukasey, *J.*). Burgos cited the May 1989 attack as a violation of his civil rights, and requested as part of his relief a transfer to the federal prison system. The action was brought against the same individuals as in the state habeas proceeding, and also against correction officials in both the state and federal prison systems. On January 3, 1990, the district court stayed the action until the state habeas proceeding was resolved. It does not appear that Burgos requested reactivation of the Southern District action after the state action was decided against him. Instead, he brought the instant, virtually identical, § 1983 action in the Eastern District.

As noted, the instant action raised the same claims as those raised in both the prior state proceeding, which was resolved against him, and the prior federal action, which was never resolved. Burgos applied for appointment of *pro bono* counsel to represent him in the instant § 1983 suit, but the motion was denied by the district court on July 14, 1992. The court stated that it would consider the motion as the case progressed, but did not address the issue again during the course of the proceedings, even after a renewed motion by Burgos.

The appellees moved for summary judgment in August 1992, arguing that Burgos's § 1983 claim was barred by the doctrine of res judicata. The argument was based on Burgos's prior actions, the appellees contending that Burgos had already raised the same claims and had them resolved against him in state court. The district court agreed, dismissing the action on summary judgment on December 8, 1992. The court, reviewing the history of Burgos's prior state court habeas proceeding, found that Burgos had already been afforded a full opportunity to litigate his claims in the prior cases. The district court also found that Burgos had incorrectly declared when filing the instant suit that he had not begun any other lawsuits dealing with the same facts involved.

Burgos now appeals *pro se*, arguing that the district court erred by refusing to appoint *pro bono* counsel. Burgos contends that without counsel he was unable to demonstrate that his claims were not barred by res judicata. Resolution of this argument depends on whether Burgos's position that res judicata does not apply has possible merit. For the reasons stated below, we find that Burgos's claims are not barred by res judicata, and remand the case to the district court for further consideration.

## DISCUSSION

We review the district court's grant of summary judgment *de novo*. *Trans–Orient Marine Corp. v. Star Trading and Marine, Inc.*, 925 F.2d 566, 572 (2d Cir.1991). We must "resolve all ambiguities and draw all reasonable inferences in favor" of the non-moving party, and require "the moving party to demonstrate the absence of any material factual issue genuinely in dispute." *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975).

■ The central issue in this appeal is whether Burgos's argument that his claim is not precluded by res judicata had sufficient merit to deserve appointment of counsel. There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters, unlike most criminal cases. *See* 28 U.S.C. § 1915(d) (1988) (providing that the court "*may* request an attorney to represent

any such person unable to employ counsel") (emphasis added). Rather, the district court has the discretion to appoint counsel, according to factors set forth by this Court in *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986) (listing various factors including the likely merit of the indigent litigant's position, the indigent's ability to investigate facts, the importance of cross-examination, the indigent's ability to present his case, and the complexity of the case). In *Hodge*, we held that the threshold requirement in considering a request for appointment of counsel was the likelihood of success on the merits of the claim. *See* 802 F.2d at 60–61; *see, e.g., Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172–73 (2d Cir.1989) (emphasizing necessity for claim to have merit for appointment of counsel).

The district court relied on this threshold requirement in denying Burgos's motion for appointment of counsel, principally on the ground that his claims were barred by res judicata because of the earlier state habeas proceeding. In order to decide whether Burgos should have been afforded counsel, therefore, we must determine whether res judicata does bar Burgos's claim in the instant § 1983 action.

■ Traditionally, the doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (applied in the context of § 1983 actions). Res judicata must be distinguished from the very similar but distinct doctrine of collateral estoppel, which is also known as issue, rather than claim, preclusion. As defined in *Allen*, "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* Different rules and restrictions apply to each doctrine, and although some courts fail to distinguish between the two, *see id.* at 94 n. 5, 101 S.Ct. at 414 n. 5, it is important in this case to be

cognizant of their distinctiveness. The district court did not make clear in its opinion whether it was dismissing the case on res judicata or collateral estoppel grounds. Although the court used language suggestive of collateral estoppel, both parties have characterized the decision as one involving res judicata. Because for the reasons below we find that res judicata does not bar Burgos's claims, but that his claims may be barred under collateral estoppel, we remand to the district court for further consideration.

## I. *Res Judicata/Claim Preclusion*

▮ Under the Constitution's Full Faith and Credit Clause, *see* U.S. Const. Art. IV, § 1, federal courts must accord state court judgments the same preclusive effect as other courts within that state. *See Migra v. Warren City School District*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see also* 28 U.S.C. § 1738 (1988). Our analysis is governed by New York State law, which has adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief. *See, e.g., Smith v. Russell Sage College*, 54 N.Y.2d 185, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746 (1981).

This bar will not apply, however, where "the initial forum did not have the power to award the full measure of relief sought in the later litigation." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986); *McLearn v. Cowen & Co.*, 48 N.Y.2d 696, 422 N.Y.S.2d 60, 61, 397 N.E.2d 750 (1979). As stated by the Restatement:

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he

can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982). Thus, where a plaintiff was precluded from recovering damages in the initial action by formal jurisdictional or statutory barriers, not by plaintiff's choice, a subsequent action for damages will not normally be barred by res judicata even where it arises from the same factual circumstances as the initial action.

▮ The district court found that the disposition of Burgos's prior state habeas proceeding barred the subsequent federal action. Because Burgos is a *pro se* litigant, we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest. *See Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir. 1993). Having reviewed his briefs in that light, we question whether a New York court would give the prior habeas proceeding the preclusive effect afforded it by the district court.

We have not found case law in New York considering whether compensatory and punitive damages, such as those sought by Burgos in his instant action, are recoverable in a state habeas petition. A review of New York's habeas corpus statute and other state authorities, however, shows that such damages are indeed not recoverable. The state statute codifying habeas corpus provides that "[a] person illegally imprisoned or otherwise restrained in his liberty ... may petition without notice for a writ of habeas corpus *to inquire into the cause of such detention and for deliverance*." N.Y.Civ.Prac.L. & R. 7002(a) (McKinney 1980) (emphasis added). The statute states that the individual can petition for "deliverance," but makes no mention of the possibility of damages. Similarly, § 7002(c) lists the various requirements necessary in a petition—including the name of those detaining the petitioner, the cause or pretense of the detention, the nature of the alleged illegal detention, and the facts authorizing the judge to act on the petition—but does not provide for the insertion of a damages claim. *Id.* § 7002(c). Finally, § 7010, which provides for the "determination" of the

proceeding, states only that "[i]f the person is illegally detained a final judgment shall be directed discharging him forthwith," ignoring completely the possibility of damages. *Id.* § 7010(a); *see id.* § 7010(b)–(c) (providing also for reduction of bail, or the remand to proper detention).

Accordingly, it is clear from a reading of the statute that the sole purpose of New York habeas corpus is to inquire into the cause of imprisonment or restraint, and to determine whether the detention is void. *See* 64 N.Y.Jur.2d *Habeas Corpus* § 2 (1987). This conclusion is supported by case law, because New York courts have not allowed in a habeas proceeding the granting of forms of relief other than discharge, bail, or remand. *See, e.g., Graham v. State,* 25 A.D.2d 693, 267 N.Y.S.2d 1009, 1009 (1966) (stating that habeas is not available to secure return of property); *People ex rel. Tatra v. McNeill,* 19 A.D.2d 845, 244 N.Y.S.2d 463, 464 (1963) (disallowing release of petitioner's funds for independent psychiatrist in habeas petition); *Ex parte Derer,* 262 A.D. 969, 30 N.Y.S.2d 53, 53 (1941) (holding that court in habeas petition has no authority to condition visitation right of parent upon payment for support and maintenance).

A review of the statute and case law, therefore, shows that a New York State court determining a petition for habeas relief does not have the authority to award damages to the petitioner. The nature of a habeas petition—which is directed to those detaining or restraining the individual, not necessarily to those who committed the alleged wrong leading to the wrongful detention—simply does not lend itself to the imposition of damages. *See* N.Y.Civ.Prac.L. & R. 7004(b) (stating that respondents in habeas corpus proceeding are those having custody of person detained). For example, Burgos brought the habeas petition against the Commissioner of Corrections and the Warden of the Bronx House of Detention, his custodians at the time, while the instant action was brought against the wardens and officers at the Rikers Island facility at which the attack on Burgos allegedly occurred. It would be nonsensical to argue that Burgos would have been able to recover damages from individuals who committed no alleged tortious wrong.

Because it is clear that a petitioner in a New York State habeas proceeding is not entitled to damages, this case is controlled by the analysis in *Davidson,* which involved the preclusive effect under New York law of a prior Article 78 proceeding for a subsequent § 1983 claim. In *Davidson,* we initially found that the plaintiff's ultimately successful claims in the Article 78 proceeding were indistinguishable from his § 1983 action. *See* 792 F.2d at 278. We went on to find, however, that the plaintiff would not have been entitled to the damages available in the § 1983 action in his previous Article 78 proceeding. *See id.* at 279. Specifically, we reviewed New York State authority and found that, although damages can be recovered where they are incidental to the primary relief sought, "damages for civil rights violations are not included in this category." *Id.* at 278. We therefore concluded that a New York State court would not find an action for damages for a violation of civil rights barred by res judicata because of a prior action under Article 78. *See id.* at 282; *see also Antonsen v. Ward,* 943 F.2d 198, 203–04 (2d Cir.1991) (applying analysis as in *Davidson,* finding that plaintiff could not have pursued damages for pain and suffering in prior state court action); *Fay v. South Colonie Central School District,* 802 F.2d 21, 29–30 (2d Cir.1986) (following *Davidson,* holding that prior Article 78 proceeding does not bar subsequent federal § 1983 action); *Koncelik v. East Hampton,* 781 F.Supp. 152, 156 (E.D.N.Y.1991) (following *Davidson,* finding that res judicata does not apply where initial litigation was Article 78 proceeding); *cf. Pasterczyk v. Fair,* 819 F.2d 12, 15 (1st Cir.1987) (finding that prior state proceeding barred § 1983 action under res judicata because prior state proceeding was not habeas corpus, but for declaratory relief).

We do not see why the analysis in *Davidson* does not apply squarely in this case. Habeas petitions are very similar in nature and character to Article 78 proceedings. Like an Article 78 proceeding, a habeas petition does not specifically allow for the recovery of damages. Moreover, this Court in

*Davidson* specifically noted the importance of the nature of an Article 78 proceeding as a "special proceeding" under New York law. *See* 792 F.2d at 280 (noting that special proceeding is designed to facilitate quick and easy summary disposition). Similarly, a habeas petition is designated as a "special proceeding" under New York law. *See* N.Y.Civ. Prac.L. & R. 7001; 64 N.Y.Jur.2d *Habeas Corpus* § 1 ("Habeas corpus proceedings are not actions, but are special civil proceedings used to test the jurisdiction of the restraining person or authority.").

The appellees argue that Burgos was free to bring his damages claims in the state court system, and that his failure to take advantage of this opportunity bars his present claim. The fact that Burgos could have brought a damages action against the state, however, is beside the point. Res judicata will only apply if the particular prior habeas proceeding was one in which damages were available to him. Moreover, the exception to res judicata described in *Davidson* and the Restatement does not depend on whether Burgos failed to ask for damages from the state court hearing his habeas petition, because the inquiry centers not on what he did or did not do but on whether the court had the power to grant him the relief sought in the present action. *See Williams v. Ward,* 556 F.2d 1143, 1154 (2d Cir.) (stating that "mere fact that the remedy sought in one action is different from that sought in another does not alone suffice to differentiate the underlying claims," in situation where court deciding initial proceeding had power to award relief sought in later proceeding), *cert. dismissed,* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977). Neither does it matter that the plaintiff in *Davidson* had prevailed in his Article 78 proceeding, while Burgos was unsuccessful in his habeas petition; the exception in *Davidson* is not based on the relative success of the plaintiff in the initial proceeding, but on the nature of the initial proceeding itself. *See Davis v. Halpern,* 813 F.2d 37, 39 n. 2 (2d Cir.1987).

We therefore conclude that the state court deciding Burgos's petition for habeas corpus was not empowered to award him damages, and, consequently, a New York court would not find the instant § 1983 action barred by res judicata.

## II. *Collateral Estoppel/Issue Preclusion*

■ Under New York law, the doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487 (1984). There are two requirements for the application of collateral estoppel to an issue: (1) "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) "there must have been a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (1969).

As noted above, the district court made no explicit determination as to collateral estoppel or to either of these above requirements, and the appellees do not specifically contend under collateral estoppel doctrine that Burgos's issues are precluded by the prior habeas proceeding. Although Burgos's claims are not precluded by res judicata, his issues may be precluded by collateral estoppel. That he was unable to receive damages in his state habeas petition may relieve him of res judicata application, but it does not necessarily change the fact that a court has already decided the issues he now raises. *See generally Davis,* 813 F.2d at 39–40 (under New York law, applying *Davidson* and finding that there was neither claim preclusion nor issue preclusion); *Cepeda v. Coughlin,* 785 F.Supp. 385, 388 (S.D.N.Y.1992) (under New York law, noting that parties agree that res judicata does not apply to § 1983 action with identical claims to prior Article 78 proceeding, but that defendants assert that collateral estoppel still applies). Determination of whether collateral estoppel applies does not depend on whether the relief now sought was available in the state habeas petition; what matters is whether there was a full opportunity to litigate identical issues. Although

Burgos's claim is not precluded, it may be that under collateral estoppel many or all of the issues he now raises will have to be determined by reference to the previous state court judgment. *See Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481, 414 N.Y.S.2d 308, 311, 386 N.E.2d 1328 (1979) (collateral estoppel permits determination of issue raised in subsequent action by reference to previous action).

Because the district court failed to distinguish between collateral estoppel and res judicata, it is difficult to determine the precise grounds for the court's dismissal of the case. It is possible that the court mixed the two concepts together in arriving at its decision. As shown above, however, res judicata claim preclusion does not apply to Burgos's § 1983 action, so any decision incorporating res judicata as a basis for dismissal would be flawed. It is at this point unclear whether collateral estoppel applies, since there is some evidence in the record that, for example, not all of the claims brought in the § 1983 action were brought in the state habeas proceeding. Because the court did not explicitly delineate the ground for its dismissal, and because we find res judicata inapplicable, we find that the district court did not pass specifically on collateral estoppel.

In any event, the record is not developed enough on these points for us to make a determination of whether Burgos's claims are collaterally estopped under New York law. We therefore remand the case to the district court for its determination. On remand, the district court must determine whether all of Burgos's issues in the instant suit were brought in the habeas petition, or whether other differences in the nature of the suit mandate that he be given a chance to prove his case. *See Gutierrez v. Coughlin,* 841 F.2d 484, 486 (2d Cir.1988) (per curiam) (under New York law, holding that prior adjudication of Article 78 proceeding in federal § 1983 plaintiff's favor did not preclude relitigation of issue of due process violation where nature of defenses and liability would be different in § 1983 proceeding).

## CONCLUSION

For the above reasons, we find that Burgos's claims are not barred on res judicata

grounds, because Burgos was not entitled in his prior state proceeding to the relief he now seeks. Consequently, we find that the district court erred in concluding that there was no likelihood of success to Burgos's claims, and in dismissing the action on a motion for summary judgment.

We therefore reverse the grant of summary judgment and remand the case to the district court so that the court can reconsider the motion for appointment of counsel consistent with this opinion. In reconsidering the motion, the district court can further explore the likelihood of success of Burgos's claims, especially considering the possibility of collateral estoppel, and weigh the other factors discussed in *Hodge.*