**Thomas A. VERONE, Plaintiff,**

**v.**

**CATSKILL REGIONAL OFF–TRACK BETTING CORPORATION, Defendant.**

**No. 97 Civ. 2638(BDP).**

United States District Court, S.D. New York.

June 25, 1998.

---

Thomas A. Verone, Hyde Park, NY, pro se.

Vincent Toomey, Law Offices of Vincent Toomey, Lake Success, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff Thomas A. Verone, acting *pro se*, filed this action against his employer, the

Catskill Regional Off–Track Betting Corporation ("Catskill"), alleging, in essence, that Catskill discriminated against him on the basis of age[1] by scheduling him for fewer work hours than younger employees, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Verone also contends that he was retaliated against for complaining about Catskill's discriminatory work schedule in 1996 and for instituting discrimination charges against Catskill. After filing a charge of discrimination with the Equal Employment Opportunity Commission in June 1996, Verone filed this action in April 1997.[2] Catskill has moved for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons stated below, defendant's motion is granted.

## BACKGROUND

Verone, who is 72 years old, was hired by Catskill in 1990 to work as a part-time cashier at Catskill's Arlington, New York branch office. Of the 17 cashiers employed at Catskill's Arlington branch at the time Verone filed his EEOC charge of discrimination, 10 were over the age of 50, including 5 who were over age 70. Verone contends that Catskill since 1993 has violated the ADEA by assigning him fewer and less desirable working hours than other, younger cashiers. Verone bases his claim on a comparison of his hours to those worked by three other cashiers at Catskill's Arlington branch: Joyce Cestaro, age 51; Janice Farley, age 49; and Gianna Nannucci, age 19. Verone asserts that each of these employees were permitted to work more hours than he. Plaintiff also contends that Catskill has discriminated against him on the basis of age by not permitting him to work Sundays and holidays, for which employees receive one and one-half times their regular hourly rate.[3]

Verone alleges that he was retaliated against for a March 1996 letter in which he complained to Catskill management about perceived inequities in the establishment of employees' work schedules. Verone contends that after he wrote the letter, his work schedule was reduced from five days a week to two.

Finally, Verone contends that after the filing of this suit, Catskill retaliated against him by suspending him from work without the Court's permission in late September 1997. The suspension resulted from an altercation between Verone and his supervisor, Lucille Thitchner, with whom Verone admits he does "not get along." Verone became irritated that he did not have sufficient change in his drawer to service a client. Verone and Thitchner exchanged words, and eventually Verone was sent home and told that he would be suspended from work from September 30 until October 6 and could not return to work until he contacted Catskill and discussed the incident. After discussing the incident with Catskill's personnel manager on October 21, Verone returned to work on October 22, 1997.

## DISCUSSION

A motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hayes v. New York City Department of Corrections,* 84 F.3d 614, 619 (2d Cir.1996); *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). This Court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of

---

**1.** Plaintiff's charge of discrimination submitted to the Equal Employment Opportunity Commission and his original complaint in this matter also asserted a claim for sex discrimination. Plaintiff's original complaint also named the Equal Employment Opportunity Commission as a defendant. Plaintiff's amended complaint named only Catskill as a defendant, and plaintiff has now abandoned his sex discrimination claim.

**2.** Verone filed an amended complaint on June 14, 1997.

**3.** Verone notes that the regular and overtime hours that employees work affect not only their pay, but the amount of their annual bonus and their pension as well.

either party." *McNeil v. Aguilos,* 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Hayes,* 84 F.3d at 619.

▮ In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities in the light most favorable to, and draw all reasonable inferences in favor of, the party opposing the motion. *Wernick v. Federal Reserve Bank of New York,* 91 F.3d 379, 382 (2d Cir.1996). *Pro se* litigants, in particular, are afforded special consideration. *Shuster v. Olem,* No. 96 Civ. 6708(DC), (S.D.N.Y. July 15, 1996). A *pro se* party's supporting papers are to be construed liberally and held to less stringent standards than pleadings submitted by attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). Notwithstanding the sympathetic reading accorded papers submitted by *pro se* litigants, in order to resist successfully summary judgment in an age discrimination case, a *pro se* litigant must produce "sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not the employee's age was the real reason" for the challenged employment action. *Woroski v. Nashua Corp.,* 31 F.3d 105, 109–110 (2d Cir.1994); *Grady v. Affiliated Central, Inc.,* 130 F.3d 553, 559 (2d Cir.1997). Proceeding *pro se* does not relieve a litigant from the usual requirements of summary judgment. *Aziz Zarif Shabazz v. Pico,* 994 F.Supp. 460, 467 (S.D.N.Y.1998).

### Age Discrimination in Employment Act

ADEA claims are analyzed "under the same framework as claims brought pursuant to Title VII." *Woroski v. Nashua Corp.,* 31 F.3d at 108 (quoting *Spence v. Maryland*

*Casualty Co.,* 995 F.2d 1147, 1155 (2d Cir. 1993)). The plaintiff must first establish a *prima facie* case of age discrimination by producing evidence that, among other things, he was subjected to adverse employment action under circumstances that could support an inference of age discrimination. *Grady v. Affiliated Central, Inc.,* 130 F.3d 553, 559 (2d Cir.1997). Once the plaintiff establishes the *prima facie* case, the defendant must then offer a legitimate, nondiscriminatory reason for the challenged employment action. *Grady,* 130 F.3d at 559. The plaintiff must then present evidence sufficient to allow a reasonable factfinder to conclude that the challenged employment action was taken on the basis of age. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

▮ Verone has not adequately established his *prima facie* case. As the employee work schedules indicate, Verone was not assigned substantially less hours than the three other cashiers Verone has identified. In 1995, for example, three of these cashiers, including Verone, averaged either 36 or 37 hours of scheduled work every two weeks.[4] While it is likely that during any particular week, a cashier may have worked more or less than his or her average hours, such fluctuations may not be the basis for an age discrimination claim.

▮ Verone has offered no evidence that any disparities in average hours worked were the result of age discrimination. The cashier who worked the most hours, Janice Farley, is 49 or 50, hardly a youngster. Verone is correct that Farley's hours have consistently exceeded those assigned to Verone. In 1995 and 1996, Farley averaged 56 and 69 hours, respectively, for each two week pay period. Catskill responds that Farley works more hours than Verone and the other cashiers because, quite simply, she is a superior employee,[5] a fact that Verone indirectly concedes in his deposition. Verone stated in his

4. Verone notes that an employee's scheduled hours of work may differ from the actual hours worked. There is no evidence, however, that Verone's actual hours worked differed from his scheduled hours of work any more or less than for any other cashier.

5. In addition to her position as a cashier, Farley works as a customer aide, a position that she was awarded after she temporarily left Catskill because she needed a job where she could work more hours.

deposition that Lucille Thitchener, one of the cashier supervisors, assigned more hours to Farley because Farley is "a brown nosing ass kisser and will do anything if it will help her in her job." Farley's superior job performance constitutes a legitimate, nondiscriminatory justification for Catskill's assignment of more hours to Farley than to other cashiers.[6] *See Scaria v. Rubin,* 117 F.3d 652, 654 (2d Cir.1997) (superior qualifications are a legitimate reason for favoring one employee over others).

■ Verone also contends that younger cashiers are given preferential treatment in the scheduling of Sunday work and holiday work. But he has offered no evidence that this is so. Catskill has submitted evidence that holiday assignments are based on employees' regular work schedules. An employee will work on a holiday if the employee is otherwise scheduled to work that day of the week. Similarly, Sunday work assignments are based on employee preference, and employees are permitted to sign up for Sunday work through a clearly nondiscriminatory process. Plaintiff admitted in his deposition that he had repeatedly declined to work Sundays for personal reasons.

*Retaliation Claims*

Plaintiff also alleges that on two occasions he was retaliated against for his opposition to discriminatory workplace practices. In order to make out a prima facie case of retaliation, the plaintiff must show participation in a protected activity known to defendant, an adverse employment action, and a causal connection between the protected activity and the adverse employment action. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1308 (2d Cir. 1995). As with a discrimination claim, if the defendant then provides evidence of a legitimate, nondiscriminatory reason for the alleged retaliatory action, the plaintiff must offer evidence that the actual motivation for the challenged action was retaliation. *Id.* at 1308.

■ Plaintiff's March 27, 1996 letter to Catskill management complaining about discriminatory scheduling in favor of younger cashiers clearly qualifies as a protected activity. However, the documentary evidence submitted would not permit a trier of fact to reasonably conclude that Verone suffered an adverse employment action through reduction in his hours worked. Verone's salary records indicate that for the two week pay period ending March 29, he worked 48 hours. For the preceding five two week pay periods, he worked an average of 40.3 hours each period. For the five two week pay periods after March 29, Verone worked an average of 41.35 hours each period. Thus, the documentary evidence indicates that plaintiff's hours were not reduced immediately after the March 27 letter.

Plaintiff also contends that his hours were reduced gradually during the next several months. Assuming, *arguendo,* that plaintiff's hours were eventually reduced, a reduction in hours occurring long after the March letter does not evidence a sufficient causal connection to protected conduct that Verone claims prompted unlawful retaliation.

■ Verone also claims that his 1997 suspension without court approval was in retaliation for his filing a charge of discrimination with the EEOC and for instituting this suit.[7] Plaintiff's charge of discrimination was filed with the EEOC in June 1996, and his original complaint in this action was filed in April 1997, 15 months and 6 months, respectively, prior to his suspension. Verone's argument with his supervisor, in contrast, occurred on Friday September 26, 1997, immediately prior to his suspension. Based on this chronology, a finder of fact could not reasonably conclude that Catskill's suspension of Verone in late September and early October 1997 was unlawful retaliation, rather than a rea-

---

6. Verone also admits in his deposition that he has on numerous occasions had arguments with other employees over matters such as who is entitled to use his stapler, for example. Although not asserted by Catskill as a factor in the scheduling of Verone's hours, plaintiff's difficulty in getting along with other employees and with supervisors provides an adequate justification for any disparities in hours worked.

7. The Court notes, contrary to plaintiff's suggestion, that in the circumstances of this case, it need not approve the actions taken by a private employer.

sonable response to an altercation occurring in the workplace. While Verone denies that he threatened his supervisor (as alleged by Catskill), he does not dispute that he and Ms. Thitchener, his supervisor, engaged in a heated argument. This fact alone would warrant a temporary suspension from work. In addition, however, Verone's suspension was also based on the fact that the September argument was one of several disputes in which Verone had been involved with co-workers or customers, including one case in which a customer filed a written complaint against Verone.

In sum, the plaintiff has not offered sufficient evidence to resist defendant's motion for summary judgment.[8]

## CONCLUSION

For the reasons stated, defendant's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment for the defendant.

SO ORDERED:

---

[8] Catskill also contends that plaintiff's claims are barred because the EEOC charge of discrimination was not filed within the statutorily prescribed period. Verone counters that he was subject to a continuing violation. Due to the Court's determination that plaintiff has failed to offer evidence sufficient to permit a reasonable trier of fact to find in plaintiff's favor, the Court need not address these procedural or jurisdictional matters.