**Michele GRAY, Plaintiff,**

v.

**INTERNAL AFFAIRS BUREAU; New York State Division of Housing & Community Renewal Legal Department; Co–Op City Public Safety; Riverbay (Co–Op) Corporation; Chief of Internal Affairs Bureau; 45th Precinct; Narcotic Division Office, Defendants.**

No. 03 Civ. 7661(VM).

United States District Court,
S.D. New York.

Nov. 18, 2003.

*DECISION AND ORDER*

MARRERO, District Judge.

### I. *BACKGROUND*

In the instant action, plaintiff Michelle Gray ("Gray"), appearing *pro se*, asserts claims that arise out of ongoing disputes between Gray and others who allegedly live in the same apartment building and seeks monetary damages totaling $37,000,000,000.00. Defendants (collectively "Defendants") consist of the cooperative corporation which owns the building in

which Gray resides, as well as numerous public agencies or subdivisions of agencies of the City and State of New York. In particular, Gray recites disputes with a fellow tenant named Corrine Gugucini, who Gray alleges sells illegal drugs. Gray claims that despite reporting the alleged actions of Gugucini and another tenant named Hamilton, who Gray alleges is a police officer assisting Gugucini, to the various named Defendants, they have done nothing to remedy the situation. Gray also claims that she is being followed, that she was followed to Florida while she was there on a vacation, and that everywhere she goes, she sees police officers checking her license plates. Although Gray has paid the requisite filing fee to commence this action, for the reasons discussed below the Court dismisses Gray's complaint without prejudice. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362 (2d Cir.2000).

### A. *CLAIMS AGAINST DEFENDANT NEW YORK STATE AGENCY*

As an initial matter, Gray's claims against defendant New York State Division of Housing & Community Renewal Legal Department ("DHCR") are dismissed pursuant to the Eleventh Amendment to the Constitution of the United States. The Eleventh Amendment provides that: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In addition, "[s]tate immunity extends to state agencies ... [that] act on behalf of the state." *Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir.1999). Furthermore, "[w]hile the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is

immune from suits brought in federal courts by her own citizens as well by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Gray, a citizen of New York, asserts claims against DHCR, a New York State agency. Thus, Gray's claims against such defendant constitute a suit against the State and are dismissed pursuant to the Eleventh Amendment, as Gray has failed to allege facts demonstrating that New York has waived its Eleventh Amendment immunity with respect to the instant claims. *See Rothstein v. Wyman*, 467 F.2d 226, 238 (2d Cir.1972) (state's waiver of Eleventh Amendment immunity must be "clear and unequivocal").

### B. *SUBJECT MATTER JURISDICTION*

In addition, the basis for the subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a district court's subject matter jurisdiction may be exercised only when a "federal question" is presented, or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in a district court must at least plead facts which bring the action within the court's jurisdiction. *See* Fed.R.Civ.P. 8(a)(1). Failure to plead such facts warrants dismissal of the action. Fed.R.Civ.P. 12(h)(3); *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]"); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (courts have an independent obligation to examine the basis of their jurisdiction); *Manway Constr. Co., Inc. v. Housing Auth. of City*

*of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) (noting that courts must dismiss cases *sua sponte* for lack of subject matter jurisdiction).

 In order to invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White,* 528 F.2d 336, 338 (2d Cir.1975). Even granting the instant *pro se* complaint the lenient interpretation to which it is due, *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) ("pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest'") (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)), Gray has failed to allege facts demonstrating that her claims arise under this Court's federal question jurisdiction. Thus, on this basis the instant complaint must be dismissed. Fed.R.Civ.P. 12(h)(3).

 With respect to this Court's diversity jurisdiction, "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).

Gray alleges that she and all of the remaining defendants, including a corporation, reside in New York. Thus, insofar as Gray's action purports to rest on the Court's diversity jurisdiction, the com-plaint is dismissed by reason of a lack of complete diversity between the remaining parties.[1] *See* 28 U.S.C. § 1332(a), (c)(1); Fed.R.Civ.P. 12(h)(3).

## II. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the complaint of plaintiff Michelle Gray is dismissed without prejudice.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

---

1. To the extent Gray brings diversity claims against defendants Internal Affairs Bureau, 45th Precinct, and Narcotic Division Office, which appear to be units within the New York City Police Department, such diversity claims are dismissed as these defendants are subdivisions of the City of New York, a citizen of the State of New York for diversity purposes. *See Moor v. Alameda County,* 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).