**Flutura CANAJ, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4417–ag.

United States Court of Appeals,
Second Circuit.

March 8, 2007.

Flutura Canaj, Pro Se, Bronx, New York, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado, Lisa A. Christian, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Flutura Canaj, a native and citizen of Albania, seeks review of the July 22, 2005 order of the BIA affirming the March 17, 2004 decision of Immigration Judge ("IJ") William Van Wyke denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Flutura Canaj*, No. A96 264 409 (B.I.A. July 22, 2005), *aff'g* No. A96 264 409 (Immig. Ct. N.Y. City Mar. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d

315, 336–340 (2d Cir.2006) (agreeing with this principle, but avoiding remand in spite of deficiencies in an adverse credibility determination because it could be confidently predicted that the IJ would adhere to the decision). We construe *pro se* litigants' briefs liberally, reading such submissions to raise the strongest arguments that they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

█ The IJ's finding regarding the vagueness of Canaj's testimony was not supported by substantial evidence and could not on its own sustain an adverse credibility determination.[1] While Canaj's testimony was "spare," it identified sufficient facts to establish each element of her claim for asylum. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005). In cases of persecution on account of an imputed political opinion, it is the persecutor's perception of the applicant's opinion that matters. *See Chun Gao*, 424 F.3d at 129. Canaj testified that during two separate incidents—an attempted kidnapping in May 2002 and a rape in June 2002—her attackers called her a "dirty democrat." The IJ acknowledged that "if a person … makes mention of somebody being a 'dirty democrat' that … provides very convincing evidence, if true, of a nexus in the mind of the persecutor." Canaj's testimony that she suffered egregious physical harm on account of what her alleged persecutors perceived to be objectionable political beliefs was therefore not vague, but rather established the elements required for asylum. *See* 8 U.S.C. § 1101(a)(42); *Jin Chen*, 426 F.3d at 114; *Chun Gao*, 424 F.3d at 129; *see also Tian–Yong Chen*, 359 F.3d at 128 (persecution clearly includes physical harm that threatens the victim's "life or freedom," and non-life-threatening

---

1. The IJ noted several inconsistencies in the record, but characterized them as minor and rejected them as an alternative basis for his adverse credibility determination.

violence and physical abuse may constitute persecution as well) (internal quotation marks omitted). Moreover, to the extent that Canaj's claim was based on the persecution allegedly suffered by her husband, the rape and attempted kidnapping of Canaj by men who called her a "dirty democrat" may sufficiently establish past persecution of Canaj herself, independent of any harm that befell her husband. *See Tian–Yong Chen*, 359 F.3d at 128.

■ The IJ's decision failed to point to any details absent in Canaj's testimony that were necessary to establish her claim. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003). The IJ noted that there was a lack of detail concerning her and her husband's activities in support of the Democratic Party, but these facts were not crucial to her asylum eligibility when she had already provided testimony that her attackers perceived her as supporting the Democratic Party. *See id.; see also Chun Gao*, 424 F.3d at 129. Because Canaj's testimony was specific as to the "essential facts … [it] was sufficiently specific to establish past persecution." *Jin Chen*, 426 F.3d at 114.

■ The IJ's flawed vagueness finding cannot be overcome by affirming "on the alternative ground that [Canaj] failed to discharge [her] burden of proof by failing to submit sufficient corroboration." *Jin Chen*, 426 F.3d at 115. Because the critical factor was the persecutors' perception of Canaj's political opinion, *see Chun Gao*, 424 F.3d at 129, and not the extent of her and her husband's involvement with the Democratic Party, it was unnecessary for Canaj to provide corroborative testimony from her husband and relatives about her or her husband's political activism. *Cf. Jin Shui Qiu*, 329 F.3d at 151.

Most importantly, "a lack of corroboration is not a sufficient basis on its own for denying a claim where testimony was credible, specific, and detailed." *See Jin Chen*, 426 F.3d at 115 (citing *Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000)). Neither can a lack of corroboration form the sole basis for an adverse credibility finding. *See Diallo*, 232 F.3d at 287. As in *Jin Chen*, "to the extent that the IJ relied on the lack of corroboration of [Canaj's] claims, such a finding was *inextricably intertwined* with the IJ's erroneous findings that [her] testimony in support of [her] claim … was incredible and lacking in detail or specificity." *See* 426 F.3d at 115 (emphasis added).

Because of the aforementioned errors, the IJ's decision was not supported by substantial evidence and it cannot be confidently predicted how the agency would decide Canaj's asylum and withholding of removal claims on remand, absent those errors. *See Xiao Ji Chen*, 471 F.3d at 336–340. Remand is therefore required. Accordingly, we grant the petition for review with regard to Canaj's asylum and withholding of removal claims.

■ Canaj did not apply for relief under the Convention Against Torture ("CAT") before the IJ. (Regardless, the IJ found that Canaj was not eligible for CAT relief.) Canaj's brief to the BIA did not address CAT relief outside of a single cursory reference. Thus, even though Canaj devotes a portion of her brief to this Court to the question of CAT relief, that issue was not properly exhausted before either the IJ or the BIA. We therefore lack jurisdiction to review it and dismiss the petition for review in this regard. *See Ivanishvili v. U.S. Dept. of Justice*, 433 F.3d 332, 343 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part, and the case is REMANDED to the BIA for proceedings consistent with this order. Having completed our review, petitioner's pending mo-

tion for a stay of removal is DISMISSED as moot.