12-1052-cv
In re: Filipczak

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand thirteen.

Present:    PIERRE N. LEVAL
            REENA RAGGI,
                    *Circuit Judges*,
            KENNETH M. KARAS,
                    *District Judge*.[1]

_____

IN THE MATTER OF ZOFIA FILIPCZAK AND BLANKA FILIPCZAK : INFANTS UNDER THE AGE OF 16

_____

WOJCIECH FILIPCZAK,
        *Petitioner-Appellee,*
                v.                          No. 12-1052-cv
YASHMUN (JAMES) FILIPCZAK,
        *Respondent-Appellant.*

_____

For Appellant:          Yashmun (James) Filipczak, *pro se*, New Haven, Connecticut.
For Appellee:           Christina Spiller (Kelly C. Holden, *on the brief*), Alston & Bird LLP, New York, New York.

_____

Appeal from the United States District Court for the Southern District of New York

(Victor Marrero, *Judge*).

_____

[1] The Honorable Kenneth M. Karas, of the United States Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on December 23, 2011, is **AFFIRMED**.

Respondent Yashmun Filipczak ("the Mother") appeals *pro se* from the judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*) finding that Poland was the country of habitual residence for the Mother's two minor children and ordering the children's return to Poland. Petitioner Wojciech Filipczak ("the Father") brought the case against her under the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq.*, and the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), *opened for signature* Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494 (Mar. 26, 1986). At trial, the Mother did not contest that she had wrongfully removed the children from Poland, but argued that she qualified for two exceptions to the Hague Convention's repatriation requirement: (i) that the children would face "grave risk" to their well being in Poland, *see* Hague Convention, art. 13(b), and (ii) that the children were "well settled" in the United States, *see* Hague Convention art. 12. In a decision and order dated December 23, 2011, the United States District Court for the Southern District of New York (Victor Marrero, *Judge*) rejected the Mother's contentions and ordered that the children be returned to Poland.

The Mother argues that the decision below was flawed for a number of reasons, including that her removal of the children was not wrongful because she had been forced to leave Poland due to the expiration of her visa, that certain evidence presented to the District Court was inadmissable, that she and her children had been subject to racially motivated attacks while in

Poland, and that her children have stronger ties to the United States than to Poland because they have moved less frequently while in the United States than they did while in Poland. In addition to opposing the Mother's arguments, the Father argues that the appeal should be dismissed as moot because the children have already returned to Poland in compliance with the district court order, so that a decision in the Mother's favor would not provide her with any relief.

**A. Mootness**

Our decision as to mootness is controlled by the recent ruling of the United States Supreme Court in *Chafin v. Chafin*, No. 11-1347 (U.S. Feb. 19, 2013). In that case, the Court held that the return of a child to his or her country of habitual residence pursuant to a Hague Convention order does not moot the losing parent's appeal from that order. Accordingly, we conclude that the appeal is not moot and reject the Father's contention that it should be dismissed.

**B. Merits**

Turning to the substance of the Mother's appeal, we review the District Court's findings of fact for clear error, and its interpretation of the Hague Convention and ICARA *de novo*. *See Blondin v. Dubois*, 238 F.3d 153, 158 (2d Cir. 2001). While the Mother was represented by counsel in the District Court, she appears *pro se* on appeal. Thus, we construe her submissions to this Court liberally and interpret them to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

The Mother raises several arguments on appeal, all of which are without merit. First, she claims that her removal of the children from Poland was not wrongful because she was forced to leave Poland due to the expiration of her visa. The Mother, however, failed to raise this

argument before the trial court. *See* Verified Answer at 4-5; Memorandum of Law in Support of Verified Petition at 3-9. Because the Mother gives no justification for her failure to make this argument below, we will not consider it for the first time on appeal. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

Second, she alleges a number of defects in the evidence presented to the District Court, including failure to authenticate e-mails between her mother and the Father, bias on the part of the guardian *ad litem*, and failure to conduct cross-examination of several witnesses. These arguments are also presented for the first time on appeal, without any explanation as to why they were not raised below. We therefore decline to consider them. *See id.*

Third, she contends the District Court wrongfully barred her from presenting evidence of racially motivated attacks against her and her children in Poland. The record however shows that the Mother provided at least some testimony to the District Court concerning such attacks. Oct. 3, 2011 Hearing Transcript at 16-17. To the extent that any of her evidence was excluded, the Mother makes no argument as to why such exclusion was legally incorrect.

Finally, the Mother argues that the children had stronger ties to the United States than they did to Poland, and therefore should be permitted to remain. This misconstrues Article 12. The standard under that provision does not call for determining in which location the child is relatively better settled, but rather for determining whether the child has become so settled in a

new environment that repatriation would be against the child's best interest. *Blondin*, 238 F.3d at 164. The Mother made no such showing.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk