Jessie J. BARNES, 09–B–2707, Plaintiff,

v.

**John ALVES, et al., Defendants.**

No. 01–cv–06559 EAW.

United States District Court,
W.D. New York.

Signed March 20, 2014.

Jessie J. Barnes, Malone, NY, pro se.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

Before this Court are three motions filed by Plaintiff: Dockets 375 and 381, both seeking the production of documents; and Docket 381, seeking appointment of *pro bono* counsel. In his letter motions, Plaintiff complains that he has been denied access to the complete Inspector General report related to the September 4, 2002 incident at issue in this litigation. Plaintiff also contends that he is incapable of representing himself in preparation for or at the bench trial scheduled to commence on July 28, 2014.

### INSPECTOR GENERAL REPORT

Plaintiff moves for production of a 100–page Inspector General report related to the September 4, 2002 incident (Doc. 375 & 381). For the reasons set forth below, Plaintiff's motion is granted.

On October 30, 2013, in connection with a prior motion filed by Plaintiff, Assistant Attorney General Gary M. Levine submitted a declaration in which he referenced a 100–page Inspector General report related to the September 4, 2002 incident (Doc. 363 at 5). Mr. Levine offered to make that document and others available to Plaintiff so long as he paid for the copying costs, but Plaintiff responded indicating he was unable to pay for those costs. The Court subsequently issued a Letter Order denying Plaintiff's request for additional discovery (Doc. 377).

Plaintiff's current motions to compel are related solely to the Inspector General re-

port (Doc. 375 & 381). Plaintiff argues that he did not receive a complete copy of the Inspector General report as part of discovery, instead only receiving approximately five pages of the 100–page report (Doc. 375). Plaintiff appears to imply that he was not aware of the length of the Inspector General report and the incompleteness of the copy produced to him, until Mr. Levine filed his declaration in October 2013.

After Plaintiff filed the first motion to compel currently pending before the Court (Doc. 375), and prior to the transfer of this case to the undersigned, the Court issued a Text Order requiring any response to Plaintiff's motion to compel to be filed by February 18, 2014 (Doc. 378). Defendants did not file any response. Thereafter, the pending motions to compel were discussed at the video status conference conducted on March 10, 2014, and Mr. Levine submitted a letter response that same day (Doc. 385), wherein he responded to the present motions by relying upon Defendants' October 30, 2013 response to Plaintiff's prior motions. Defendants' October 30, 2013 response supports the notion that discovery has been repeatedly made available to Plaintiff throughout the course of this action. However, Defendants have not specifically addressed Plaintiff's argument that only five pages of the 100–page Inspector General report were produced as part of discovery in this action.

Given Plaintiff's claims that the information contained in the Inspector General report is critical to his case and that Defendants only produced five pages of the 100–page report, and the lack of any response by Defendants specifically addressing the discrepancy between the length of the Inspector General report and the five pages purportedly produced to Plaintiff, the Court finds that Defendants should provide a copy of the 100–page

Inspector General report to Plaintiff related to the September 4, 2002 incident, without requiring Plaintiff to pay for the copying costs of the report.

## REQUEST FOR COUNSEL

Plaintiff also moves for appointment of *pro bono* counsel (Doc. 381). For the reasons set forth below, Plaintiff's request is denied.

Unlike criminal cases, there is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters. *Burgos v. Hopkins,* 14 F.3d 787, 789 (2d Cir.1994). A court may appoint counsel within its discretion pursuant to 28 U.S.C. § 1915(e). When determining whether to appoint *pro bono* counsel in a civil case, a court considers:

whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986).

Here, Plaintiff has made several prior requests for appointment of counsel (*See, e.g.,* Doc. 279, 288, 298, 332, 348 & 376). Initially, counsel was appointed by the Honorable Jonathan W. Feldman, United States Magistrate Judge, who found that Plaintiff had demonstrated his ability to pursue his claims without counsel, but Plaintiff would benefit from the assistance of counsel in order to assess the strengths

and merits of Plaintiff's claims and to narrow the issues for trial (Doc. 209). With the assistance of his *pro bono* counsel appointed by the Court, Plaintiff filed an amended complaint (Doc. 226).

However, Plaintiff's *pro bono* counsel was subsequently allowed to withdraw (Doc. 271 & 274). Among other reasons supporting the withdrawal motion was Plaintiff's alleged threatening behavior directed toward his counsel (Doc. 262–2 at 2–3 (citing Plaintiff's letter to his former *pro bono* counsel wherein he states: "I am from street [*sic*] I am gonna give it to you rough, raw and uncut.")). Plaintiff's subsequent requests for appointment of counsel were denied by both Judge Feldman (Doc. 283) and the Honorable Charles J. Siragusa, United States District Judge (Doc. 352).

 As noted in the prior decisions denying Plaintiff's requests for counsel, volunteer lawyer time is a valuable and limited commodity, and it should only be utilized for the most deserving cases. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir.1989). Here, Plaintiff was awarded *pro bono* counsel, counsel successfully aided Plaintiff in clarifying his claims, and Plaintiff has demonstrated that he is capable of pursuing those claims. Plaintiff's prior treatment of his *pro bono* counsel led to the withdrawal of that counsel, and his subsequent applications to have counsel appointed have been denied by both Judge Feldman and Judge Siragusa. I do not see any reason to exercise my discretion differently. As a result, in light of the case law governing appointment of *pro bono* counsel in civil cases, as well as the prior decisions in this case, the Court finds that Plaintiff is indeed capable of proceeding *pro se.*

Accordingly, it is hereby

ORDERED, that Plaintiff's motions for production of documents (Doc. 375 & 381) are granted to the extent that Defendants are directed to provide Plaintiff with a copy of the Inspector General report relating to the September 4, 2002 incident within twenty (20) days of entry of this Order, and it is further

ORDERED, that Plaintiff's motion for appointment of *pro bono* counsel (Doc. 381) is denied.

SO ORDERED.