10-1924-cv
Dixon v. International Federation of Accountants, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

Present:     RALPH K. WINTER,
             JOSEPH M. McLAUGHLIN,
             PETER W. HALL,
                       *Circuit Judges.*
_____

PATRICIA DIXON,

       *Plaintiff-Appellant*,

       v.                                              No. 10-1924-cv

INTERNATIONAL FEDERATION OF ACCOUNTANTS,
RUSSELL GUTHRIE, IAN BALL, and SYLVIA BARRETT,

       *Defendants-Appellees,*

DOES 1 THROUGH 10, INCLUSIVE,

       *Defendants.*
_____

FOR APPELLANT:          NKEREUWEM UMOH, Umoh Law Firm, P.L.L.C., Brooklyn, NY.

FOR APPELLEES:          GREG REILLY, Littler Mendelson, P.C., New York, NY.
_____

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff Patricia Dixon appeals from a judgment entered by the district court (Baer, *J.*), granting summary judgment in favor of the International Federation of Accountants ("IFAC") and Russell Guthrie, Ian Ball, and Sylvia Barrett (collectively, "Defendants"), and denying Dixon's motion for partial summary judgment.  Dixon brought suit against IFAC alleging employment discrimination based on age, race, and national origin as well as retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 *et seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*; and New York City Human Rights Law ("NYCHRL"), N.Y.C.R.R. §8-107.  Dixon also asserted state law claims for breach of contract against IFAC and tortious interference with contract by Guthrie, Ball, and Barrett.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review an appeal from an order granting summary judgment *de novo*, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010).  Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

I.       Employment Discrimination

All of Dixon's employment discrimination claims are analyzed under the three-step burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (applying *McDonnell Douglas* burden-shifting framework to employment discrimination claims brought under Title VII and § 1981); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (applying *McDonnell Douglas* framework to ADEA claim); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (applying *McDonnell Douglas* to employment discrimination claims under the NYSHRL and the NYCHRL); *see also Gorzynski*, 596 F.3d at 106 (holding that even after the Supreme Court's decision in *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343 (2009), this Court continues to apply the *McDonnell Douglas* burden-shifting framework for ADEA claims).

To establish a prima facie case of discrimination under *McDonnell Douglas*, a plaintiff must show: (1) she is a member of a protected group; (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) that action occurred under circumstances giving rise to an inference of discrimination.  *Gorzynski*, 596 F.3d at 107.  The district court held that Dixon could not meet this standard.  We agree.  Although Dixon satisfies the first three criteria, she fails to produce any evidence that her termination occurred under circumstances suggesting discrimination.  Indeed, her entire employment discrimination claim is predicated on an isolated derogatory remark made by Barrett, who played no role in Dixon's termination. We have long held that stray comments of this variety do not create an inference of discrimination. *See Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("Stray remarks, even if made by a decision maker, do not constitute sufficient evidence [to support] a case of

-3-

employment discrimination."). Even assuming *arguendo* that Dixon could establish a *prima facie* case, the record overwhelmingly demonstrates that IFAC had a legitimate, non-discriminatory reason for terminating Dixon—namely, her deficient work performance. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 93 (2d Cir. 2001) ("[Plaintiff's] late reports, failure to lead, and incapacity to bring in new business—especially in the face of an express requirement that he do so—were legitimate reasons for [Plaintiff's] . . . termination.").

II.     Retaliation

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she participated in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between her protected activity and her adverse employment action.[1] *Gorzynski*, 596 F.3d at 110. Even if a plaintiff sets forth a *prima facie* case, however, this establishes only a rebuttable presumption of retaliation, and where the defendant identifies a legitimate, non-retaliatory reason for the adverse employment action, the burden shifts back to the plaintiff to show that the defendant's articulated reason is a pretext for retaliation. *See Stratton v. Dep't for the Aging for the City of New York*, 132 F.3d 869, 879 (2d Cir. 1997).

---

[1] We acknowledge that the standard governing retaliation claims under the NYCHRL is different (and broader) than that applicable claims under federal and state law. *See generally Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010) (comparing the NYCHRL standard to its state and federal counterparts). Nevertheless, we find that, like her federal and state claims, Dixon's retaliation claim under the NYCHRL fails as a matter of law because she did not produce any admissible evidence to demonstrate a causal connection between her protected activity and any allegedly adverse action. *See id.*; *see also Pilgram v. McGraw-Hill Companies, Inc.*, 599 F.Supp.2d 462, 469 (S.D.N.Y. 2009) (to prevail on a NYCHRL retaliation claim, plaintiff must show: "1) he engaged in a protected activity; 2) his employer was aware of that activity; 3) he suffered an action that would be reasonably likely to deter a person from engaging in a protected activity; and 4) that there was a causal connection between the protected activity and the action").

Although Dixon arguably satisfies the first two criteria of her *prima facie* case, in that she claims to have complained of discrimination to Ball in June 2007 and was then terminated in October 2007, she produced no direct evidence of a causal connection. To the extent she relies on the temporal proximity between these two events as circumstantial evidence of causation, that, standing alone, is insufficient. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting that the two events must be "very close," and that a proximity of three months or more is insufficient). Again, assuming *arguendo* that Dixon established a *prima facie* case of retaliation, her poor work performance constituted a legitimate, non-retaliatory reason for her termination, and she fails to identify any evidence, apart from temporal proximity, to suggest that this reason was pretextual. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam) ("The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a *prima facie* case of retaliation under Title VII, but without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext.")

III.    Supplemental Jurisdiction

Dixon asserts that the district court improperly exercised supplemental jurisdiction over her state and city law claims. She is mistaken. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997). "We review the district court's decision to exercise

s[upplemental] jurisdiction under an abuse-of-discretion standard." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Dixon's federal, state, and city claims are all based on her employment and termination by IFAC, and thus clearly derive from a common nucleus of operative fact. We find no abuse of discretion in the district court's decision to exercise jurisdiction over and decide her non-federal claims.

We have considered Dixon's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK