**Edgar SOSA, Plaintiff–Appellant,**

v.

**LOCAL STAFF, LLC, Cross Country Healthcare, Inc., Cornell University, Weill Cornell Medical College, Adela Vargas, Individually, Guy Mazza, David Greene, Individually, Isabel Stanshine, Individually, Defendants–Appellees.***

No. 14–3704–cv.

United States Court of Appeals, Second Circuit.

Oct. 9, 2015.

Casey Wolnowski (Alex Umansky, on the brief), Phillips & Associates, New York, NY, for Plaintiff–Appellant.

Joseph C. O'Keefe, Proskauer Rose LLP, Newark, NJ, for Local Staff, LLC,

Cross–Country Healthcare, Inc., David Greene & Isabel Stanshine Sheryl A. Orwel (James R. Kahn, on the brief), New York, NY, for Cornell University, Weill Cornell Medical College, Adela Vargas & Guy Mazza.

PRESENT: ROBERT D. SACK, RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff Edgar Sosa appeals from a judgment of the District Court (Buchwald, J.) dismissing his claims of race-based discrimination, hostile work environment, and retaliation against various people and entities associated with his former employer under 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the New York City Human Rights Law, New York City Administrative Code, § 8–101 (the "NYCHRL"). This appeal centers on Sosa's internal complaints regarding one comment made by his supervisor, defendant Adela Vargas, in which she told Sosa, "You're so street." We agree with the District Court that these complaints did not constitute protected activity for the purpose of a retaliation claim under either Title VII or the NYCHRL.

To bring a Title VII retaliation claim based on a complaint of unlawful activity, a "plaintiff must demonstrate a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,* 842 F.2d 590, 593 (2d Cir.1988) (quotation marks omitted). The objective reasonableness of an employee's belief that the employer has violated Title VII must "be measured against existing substantive law," because a failure to do so would "eviscerate the

---

* The Clerk of Court is directed to amend the case caption as set forth above.

objective component of our reasonableness inquiry." *Clover v. Total Sys. Servs., Inc.,* 176 F.3d 1346, 1351 (11th Cir.1999) (quotation marks omitted); *see also Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1178–79 (2d Cir.1996). Because Vargas's comment to Sosa was "at worst an isolated incident that cannot remotely be considered extremely serious," as Title VII requires, *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 271, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (quotation marks omitted), Sosa's belief that it was unlawful was not objectively reasonable.

We also conclude that Sosa did not "oppose[ ] any practice forbidden" by the NYCHRL. N.Y.C. Admin. Code § 8–107(7). Although we construe the NYCHRL more broadly than its federal and state counterparts, *see, e.g., Nelson v. HSBC Bank USA,* 87 A.D.3d 995, 929 N.Y.S.2d 259, 264 (2d Dep't 2011), we recognize that it still does not "operate as a general civility code." *Williams v. N.Y.C. Hous. Auth.,* 61 A.D.3d 62, 872 N.Y.S.2d 27, 40–41 (1st Dep't 2009) (quotation marks omitted). Based on the allegations in Sosa's complaint, we agree that the comment "You're so street" is "nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." *Id.* at 41 (quotation marks omitted). We therefore affirm the District Court's holding that Sosa had not engaged in protected activity under the NYCHRL.

We have considered all of Sosa's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.