Joseph Wendell DAVIS, Plaintiff,

v.

SSC DISABILITY SERVICES, LLC, Defendant.

Civil No. 3:14CV494(AWT)

United States District Court, D. Connecticut.

Signed January 19, 2016

Joseph Wendell Davis, Milford, CT, pro se.

John Gerard Stretton, Kelly Marie Cardin, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Stamford, CT, for Defendant.

## MEMORANDUM OF DECISION

Alvin W. Thompson, United States District Judge

The plaintiff brings this action alleging retaliation for reporting a violation of Title VII of the Civil Rights Act of 1964. Prior to this litigation, the plaintiff filed a complaint with the Equal Employment Opportunity Commission, and it was denied. The defendant has moved for summary judgment. For the reasons set forth below, the motion is being granted.

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. Rule 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's case. See Pepsi-Co, Inc. v. Coca–Cola Co., 315 F.3d 101, 105 (2d Cir.2002) (per curiam). The court construes the evidence in the record in the light most favorable to the nonmoving party. See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir.), cert. denied, 549 U.S. 953, 127 S.Ct. 382, 166 L.Ed.2d 270 (2006).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of an unspecified disputed material fact or offer speculation or conjecture. See Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990). If the nonmoving party does not respond to the motion, the court may accept as true the moving party's factual statements. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in [the moving party's Rule 56(a)1] statement will be deemed admitted unless controverted. . . .). Even if the motion is unopposed, however, the court will not grant summary judgment unless it has determined that the moving party has shown that it is entitled to judgment as a matter of law. See Vermont Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241, 242 (2d Cir.2004).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir.1991).

The plaintiff in this case did not file a response to the defendant's motion for summary judgment, nor did he file a Local Rule 56(a)(2) Statement.[1] Accordingly, the material facts set forth in the defendant's 56(a)(1) statement are deemed admitted.

To establish a prima facie case of unlawful retaliation under Title VII, "an employee must show that (1) [he] was en-

---

1. After the plaintiff's failure to file a timely response to the defendant's motion for summary judgment, the parties met with Parajudicial Officer James R. Hawkins II. PJO Hawkins explained the Federal Civil Rules of Civil Procedure to the plaintiff and discussed whether the plaintiff would file a response to the defendant's motion. The plaintiff represented that he intended to file a response, and he was given an extension of time to do so. He then filed a motion requesting a further extension of time, which the court granted. Nonetheless, the plaintiff never filed a response.

gaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Lore v. City of Syracuse, 670 F.3d 127, 157 (2d Cir.2012). "Even if a plaintiff sets forth a prima facie case, however, this establishes only a rebuttable presumption of retaliation, and where the defendant identifies a legitimate, non-retaliatory reason for the adverse employment action, the burden shifts back to the plaintiff to show that the defendant's articulated reason is a pretext for retaliation." Dixon v. Int'l Fed'n of Accountants, 416 Fed.Appx. 107, 110 (2d Cir.2011).

■ The basis of the plaintiff's complaint in this case is a comment made by his supervisor, Brian Held, during a performance review on November 21, 2011. During the mostly favorable review, Held referred to the plaintiff's wife as "mamasan." The plaintiff's wife is of Korean descent. The plaintiff reported this comment to Human Resources ("HR") and subsequently met with an HR staff member, Mary George. The following day, Held apologized to the plaintiff, and the plaintiff was assigned a new supervisor, John March. March reported to Allen Gumpenberger, a professional acquaintance of Held. Beginning in January 2012, the plaintiff's performance was deemed deficient. March placed him on a Performance Improvement Plan (PIP) and gave him several warnings over the course of the next year. After a determination that he had failed to improve, the plaintiff was fired on April 2, 2013. Neither Held nor Gumpenberger took part in the determination to put the plaintiff on PIP, issue the warnings, or fire the plaintiff.

The plaintiff has failed to establish a prima facie case of unlawful retaliation because he failed to provide evidence that he engaged in protected activity when he reported Held to HR. In order to satisfy the first element an unlawful retaliation claim, the plaintiff must have had "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir.1988). The record here shows that the plaintiff found the comment to be offensive and inappropriate, but it does not create a genuine issue as to whether he believed the comment to be discriminatory or unlawful. Moreover, even if the plaintiff believed that Held's comment violated the law, such a belief was not "objectively reasonable." In Sosa v. Medstaff, Inc., the court considered an unlawful retaliation claim based on the plaintiff's report of his supervisor's comment, "You're so street."[2] No. 12 Civ. 8926, 2014 WL 4377754 (S.D.N.Y. Sept. 4, 2014)["Sosa II"](citations omitted), aff'd sub nom. Sosa v. Local Staff, LLC, 618 Fed.Appx. 19 (2d Cir.2015). The court concluded:

> Sosa was required to establish that he engaged in a "protected activity" in order to state a claim for unlawful retaliation. "A protected activity is an activity taken in good faith to protest or oppose statutorily prohibited discrimination." Morgan v. N.Y.S. Att'y Gen. Office, No. 11 Civ. 9389, 2013 WL 491525, at *9 (S.D.N.Y. Feb. 8, 2013). "It is not necessary that the underlying conduct actually be unlawful; rather, it is sufficient if the plaintiff had a reasonable belief of the conduct's illegality." Sosa I, 2013 WL 6569913, at *8.[3] However, "mere

---

**2.** The plaintiff in Sosa "believed that this statement implied that he must have grown up 'on the streets' because he is Latino." Sosa II, 2014 WL 4377754, at *1.

**3.** "Sosa I" refers to the prior case, Sosa v. Medstaff, Inc., No. 12 Civ. 8926, 2013 WL 6569913 (S.D.N.Y. Dec. 13, 2013).

subjective good faith belief is insufficient; the belief must be reasonable and characterized by <u>objective</u> good faith." <u>Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.</u>, 716 F.3d 10, 16 (2d Cir.2013) (alterations omitted) (quoting <u>Sullivan–Weaver v. N.Y. Power Auth.</u>, 114 F.Supp.2d 240, 243 (S.D.N.Y. 2000)). "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances." <u>Id.</u> at 14–15 (quoting <u>Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.</u>, 136 F.3d 276, 292 (2d Cir.1998)).... "[O]ne comment, standing alone" is rarely sufficient to create an objectively reasonable belief of discrimination. <u>Sosa I</u>, 2013 WL 6569913, at *9 (quoting <u>Reed v. A.W. Lawrence & Co., Inc.</u>, 95 F.3d 1170, 1179 n. 12 (2d Cir.1996)). Only in those instances where the singular comment was, by any measure, much more offensive than the "You're so street" statement here have courts found that an individual may have a good faith belief that he was subjected to unlawful treatment.

<u>Id.</u> at *6–7. Here the record shows only that Held's comment was an isolated incident. Thus, even if the plaintiff believed Held's comment violated the law, such a belief was not objectively reasonable. Accordingly, the plaintiff has failed to establish a prima facie case of unlawful retaliation.

■ Even if the plaintiff had established a prima facie case of unlawful retaliation, the defendant has offered a legitimate, non-retaliatory reason for the adverse employment action, namely the plaintiff's deficient performance.[4] The only evidence in the record shows a pattern of deficient performance and that such deficient performance was the basis for the defendant's warnings and the ultimate termination of the plaintiff's employment. Furthermore, the plaintiff is unable to show that his deficient performance was a pretext for any adverse employment action and that "but for" his report, he would not have suffered any adverse employment action. "A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action. From such discrepancies, a reasonable juror could conclude that the explanations were a pretext for a prohibited reason." <u>Zann Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 846 (2d Cir.2013). In his Complaint, the plaintiff alleges that Gumpenberger "fabricated exaggerated routine issues so that they would form the basis of an adverse human resources action" and that the "direct interference" of March and Gumpenberger, caused or prevented the plaintiff from curing the deficiencies that ultimately led to his termination. (Complaint for Employment Discrimination (Doc. No. 1) ("Complaint") at 7.) However, the record contains no evidence in support of these allegations. To the contrary, the only evidence in the record is that the plaintiff repeatedly acknowledged that he had not been meeting SSC's performance expectations. (See Local Rule 56(a)(1)

---

**4.** For purposes of the instant motion, the court assumes <u>arguendo</u> that there is a genuine issue of material fact as to whether placement on PIP and receipt of several warnings are "materially adverse actions." To establish that an action was "materially adverse," "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.' " <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (quoting <u>Rochon v. Gonzales</u>, 438 F.3d 1211, 1219 (Fed.Cir.2006)). Of course, termination is a "materially adverse action."

Statement (Doc. No. 43-1) at ¶¶ 57, 64, 70, 79.) "[He] further admit[ed] that his performance issues beginning in 2012 were not related to Mr. Held's 'mama-san' comment." (Id. at ¶ 86.)

To the extent that the plaintiff suggests that the temporal proximity between his report (November 2011) and the first warning (January 2012) is sufficient to create a genuine issue of fact as to whether the plaintiff's report was the but-for cause of the defendant's actions, "temporal proximity alone is insufficient to defeat summary judgment at the pretext stage." Zann Kwan, 737 F.3d at 847. Rather, "[a] plaintiff may rely on evidence comprising [his] prima facie case, including temporal proximity, together with other evidence such as inconsistent employer explanations, to defeat summary judgment at that stage." Id. (emphasis added). Since the plaintiff has not offered any additional evidence that might suggest that the plaintiff's deficient performance was merely a pretext, temporal proximity cannot defeat summary judgment in this case.

For the reasons set forth above, Defendant SSC Disability Services, LLC's Motion for Summary Judgment (Doc. No. 43) is hereby GRANTED.

The Clerk shall enter judgment in favor of the defendant and close this case.

It is so ordered.